[Civ. No. 3746.   Second Appellate District, Division One.—November 1, 1921.]

HARRY J. CRAWFORD, Respondent, v. REBECCA J. MEADOWS, as Administratrix, etc., Appellant.

[1] APPEAL — JUDGMENT — SETTLEMENT OF BILL OF EXCEPTIONS — MANDAMUS.—Where on an appeal from a judgment the trial court refuses to settle a bill of exceptions which it is desired to be brought up with the record, the proper remedy is an application to the appellate court for a writ of mandate.

[2] CLAIM AND DELIVERY — DAMAGES FOR DETENTION — INTEREST. — Where in an action in claim and delivery no damages were found by the jury on account of the usable value of the property due to its detention, but the value of the property was found to be a certain sum together with interest thereon from a stated date, the trial court in rendering judgment was justified in construing such interest as damages for detention.

[3] JUDGMENT—APPEAL—CORRECTION OF RECORD—POWER OF SUPERIOR COURT.—While the superior court pending an appeal from a judgment has no power to vacate it or materially alter it so as to make it different from the judgment as actually rendered, the court has power to correct its own records nunc pro tunc, so as to make its record state what actually occurred. (Opinion of supreme court on denial of hearing.)

[4] ID.—CLAIM AND DELIVERY—CLERICAL ERROR—AMENDMENT OF JUDGMENT AFTER APPEAL.—Where in an action in claim and delivery the clerk by mistake entered a simple judgment for the recovery of the property and accrued interest instead of the judgment as actually rendered for the possession of the property, or for its value in case a delivery of the possession could not be had, and for the interest as damages, the superior court, after an appeal taken, had the power to order an amendment of the judgment nunc pro tunc. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Imperial County. Phil D. Swing, Judge. Affirmed.

The facts are stated in the opinion of the court.

Thomas A. Sanson and James L. Allen for Appellant.

Samuel J. Crawford and Alfred J. MacDonald for Respondent.

SHAW, J.—This is an appeal from a judgment entered in favor of plaintiff, and from orders denying defendant's motions for relief from default in preparing her record for use on appeal.

It appears that this action in claim and delivery was originally brought against Mobley Meadows as sheriff of Imperial County. An answer was filed, and upon the issues so joined a trial was had, which resulted in a judgment for defendant, from which plaintiff appealed, as a result of which the judgment was reversed. Meanwhile Meadows had died and Rebecca J. Meadows was appointed administratrix of his estate. Thereupon in due time plaintiff, in accordance with the statute, duly presented to her as such administratrix a demand for the delivery to him of an automobile made the subject of the claim and action then pending. Thereupon she, as such administratrix, was substituted as defendant, and a supplemental complaint was filed, setting forth the facts upon which plaintiff based his claim to the property, together with other matters which, under the circumstances, were proper in a supplemental complaint. To this complaint defendant filed a general demurrer, which was overruled. Thereupon defendant answered the same, wherein, in addition to denials, she alleged a number of separate defenses to plaintiff's cause of action. The case was tried by a jury, which rendered a verdict in favor of the plaintiff, fixing the value of the automobile constituting the subject of the action at the sum of two thousand two hundred dollars, together with interest thereon from February 5, 1915, the date of the taking. Following this verdict, judgment was entered by the clerk on May 13, 1920. A motion for a new trial, made by defendant, was denied by operation of law on August 13, 1920.

On September 10th following, defendant filed a notice of appeal from the judgment and order denying her motion for new trial, followed on November 10, 1920, by the filing of a transcript of the record in support of the appeal, after which, to wit, on February 7, 1921, the supreme court, in which court the appeal was pending, made an order dismissing the same.

In entering the original judgment on May 13, 1920, the clerk failed to comply with the directions contained in section 667 of the Code of Civil Procedure, wherein provision is made for the entry of judgment in such cases in the alternative form. Nor did it provide that payment should be made by defendant as administratrix in due course of administration of the estate of Mobley Meadows, deceased, in accordance with the provisions of section 1504 of the Code of Civil Procedure.

Thereafter, to wit, on November 12, 1920, upon motion of plaintiff, the court made an order pursuant to which the judgment was amended *nunc pro tunc* as of date May 13, 1920, when originally entered. The amendments consisted of a compliance with the provisions of the statute requiring the judgment in such cases to be in the alternative form, so that as amended it provided for the recovery by plaintiff of the automobile and damages, and in case a delivery could not be had of the property that plaintiff should recover the value thereof, with interest, payment of which should be made by said administratrix out of the estate of Mobley Meadows, deceased, in due course of administration.

Thereafter, to wit, on November 23, 1920, the defendant filed with the clerk of said court a notice that she intended to appeal from the judgment as amended, and requested that a transcript of the proceedings be prepared in accordance with the provisions of section 953a of the Code of Civil Procedure. Whether or not such transcript was ever prepared and presented for authentication is not disclosed by the record. It does appear, however, that on December 17, 1920, defendant, correctly or erroneously assuming that her time for so doing had expired, and upon notice supported by the affidavit of her counsel, moved the court for an order relieving her from default in filing with the clerk notice of defendant's intention to appeal from the judgment entered against defendant on May 13, 1920, and requesting

the reporter's transcript to be prepared in accordance with
section 953a of the Code of Civil Procedure, and that the
court reporter be ordered and directed to transcribe the
phonographic notes of the report of the trial, and also made
a motion that she be relieved from default in failing to
prepare and present to the judge of said court a bill of
exceptions of the proceedings had at the trial of the cause
within ten days after the defendant's motion for a new
trial had been denied, which motions were made upon the
ground of the alleged mistake, inadvertence, and excusable
neglect of defendant's counsel, both of which motions, upon
consideration of appellant's affidavit in support thereof and
the counter-affidavit filed by plaintiff, were, on December 17,
1920, denied by the court, which proceedings in regard to
the making and denial of said motions are embodied in a
bill of exceptions presented by the record.

Thereafter, on December 31, 1920, defendant filed two
notices of appeal, one of which was directed "to the plain-
tiff and to the clerk of said court," and the other "to the
plaintiff and to his attorneys," in both of which she gave
notice of an appeal to the supreme court from the judg-
ment as amended by order of court on November 12, 1920,
and also from the orders of the court denying her motions
for relief from default made on December 17, 1920.

There was no abuse of discretion on the part of the court
in denying the motions that defendant be relieved from
her default due to her failure within the time allowed by
law therefor to prepare and present for authentication a
record to be used on appeal, without which the orders
should not be disturbed by this court. The affidavit, dated
December 6, 1920, of defendant's attorney in support of
the motions is barren of any facts which even tend to show
excusable neglect or mistake on the part of defendant.
Other than the statement that on November 23, 1920, her
counsel filed with the clerk of the court a notice that de-
fendant intended to appeal, and requesting the preparation
of a transcript of the proceedings at the trial, as provided
in section 953a of the Code of Civil Procedure, all of the
statements therein relate to the motion theretofore made for
a new trial and to matters occurring prior to the entry of
the amended judgment made on November 12, 1920, and
from which this appeal is prosecuted. While it appears

that within ten days from the entry of the amended judgment he filed with the clerk notice and request for a transcript of the record, including the reporter's notes, to be used on the appeal, it does not appear that the transcript was ever prepared. On the contrary, affiant states that "he has not been able to obtain the transcript from the said court reporter and has not received it at this time [December 6, 1920], and is unable to assign any reason for the failure of the said court reporter to furnish it." Upon the showing so made by affidavit, we cannot say there was any abuse of discretion on the part of the court in denying the motions; indeed, it is difficult to see how it could properly have done otherwise. Moreover, while not necessary to a decision of the case, we are unable to perceive how a reversal of the orders could in anywise avail appellant on this appeal. She has appealed from the judgment on the judgment-roll, and that appeal must be determined on its merits, regardless of the fact that the trial court may have wrongfully refused to settle a bill of exceptions or have a proper record authenticated. [1] The proper remedy in such case is to apply to this court for a writ of mandate to compel the trial court, or officers charged therewith, to authenticate a proper record which can be brought up with the record on appeal from the judgment.

We are thus brought to the appeal from the judgment, which in the absence of instructions given by the court to the jury and the evidence adduced at the trial must be considered on the judgment-roll alone. Contrary to respondent's contention, we shall, without so deciding, assume the time for taking the appeal commenced from the entry of the judgment as amended on November 12, 1920, rather than, as he claims, from the time of the entry of the original judgment on May 13, 1920, from which last judgment it appears that an appeal was taken and thereafter dismissed by the supreme court.

Appellant suggests, without making any argument thereon, that the court erred in overruling her general demurrer to the supplemental complaint. There was no error in so doing. While in form the complaint may have been objectionable, it is sufficient in substance, and defects, if any, therein could not be reached by a general demurrer. Neither was it objectionable in that, as claimed, it added

a cause of action against defendant individually and not in her representative capacity. The cause of action as stated was against her solely and alone in her capacity as administratrix of the estate of Mobley Meadows, deceased, out of whose estate it was ordered the judgment be paid in course of administration. Neither was there any error on the part of the court in permitting the supplemental complaint substituting the administratrix of deceased, to be filed, and alleging therein, as provided by section 1502 of the Code of Civil Procedure, the presentation for allowance or rejection of plaintiff's claim. "In such cases, a supplemental complaint should be filed alleging the death and due presentation of the claim." (*Falkner* v. *Hendy,* 107 Cal. 49 [40 Pac. 21, 386].) In *Thomas* v. *Furaman,* 39 Cal. App. 278, 286 [178 Pac. 870, 874], it is said: "The proper practice undoubtedly is to serve and file such a complaint, alleging compliance with the statute. Proof of presentation of the claim as required is made by the statute essential to recovery, and this implies an allegation of the fact upon which issue may be joined if desired, and a finding where issue is joined."

[2] The verdict of the jury was: "We the jury in the above entitled action find for the plaintiff and find he is entitled to the return of the automobile described in the complaint, and find the value thereof to be the sum of $2200.00, together with interest thereon from Feb. 5, 1915, at 7% per annum." Appellant insists that such verdict is not in accordance with section 627 of the Code of Civil Procedure, in that it is indefinite and uncertain, and hence constituted no basis for the judgment, as amended, entered thereon. That the verdict was sufficient in finding that plaintiff was entitled to the return of the automobile and as to the value thereof admits of no doubt, and hence is not uncertain either as to plaintiff's right or the value of the property in the event that delivery could not be had. Nor is there merit in the contention that there is an absence of any finding as to damages for the detention of the property. In *Tucker* v. *Hagerty,* 37 Cal. App. 789 [174 Pac. 908], it is said: "In an action for the wrongful detention of property, the ordinary measure of damages is interest, but where the property has a usable value which exceeds the lawful rate of interest, such rule has no application."

In other words, the usable value may, as in the case cited, exceed the value of the property itself. Since the property at the time of the wrongful taking was of the value of two thousand two hundred dollars, plaintiff, in case of nondelivery, was entitled to such sum, together with interest, which interest might be, as taken by the court, the amount of damages sustained for its detention. (*Kelly* v. *McKibben*, 54 Cal. 192; *Webb* v. *Phillips*, 80 Fed. 954 [26 C. C. A. 272].) See, also, 23 Ruling Case Law, section 77, page 914, where it is said: "The amount of damage which the owner of goods wrongfully taken and detained is entitled to recover in ordinary cases is the value of the property, with damages, which is ordinarily the interest on the value." No damages were found by the jury on account of the usable value of the automobile due to its detention, and upon the authorities cited the trial court was justified in construing the interest stated in the verdict as the damages sustained by plaintiff for detention of the property, if delivery thereof was made.

A number of separate defenses were set up in the answer of defendant, which the jury by its implied finding decided adversely to her. In the absence of instructions given or any evidence offered, we must assume there was no error in the trial which affected the verdict.

The judgment and orders appealed from are affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 30, 1921, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this cause in the supreme court after decision by the district court of appeal of the second appellate district, division one, is denied.

The defendant insists that the district court failed to consider at all her objection that the court had no power or jurisdiction to make an order amending the judgment as *entered* on May 13, 1920, *nunc pro tunc*, while the appeal therefrom was pending, so as to make it conform to the

judgment as rendered on that day, and that the corrected judgment so entered is void for that reason.

[3] In support of this point she cites *Kinard* v. *Jordan,* 175 Cal. 13 [164 Pac. 894], and other cases to the effect that when an appeal is taken the entire cause is removed to the appellate court, so that the lower court has no jurisdiction thereafter until after the appeal has terminated to take any proceeding in the cause. These decisions are correct so far as they refer to orders which in some respect alter the judgment appealed from as actually rendered. The superior court, pending the appeal, has no power to vacate the judgment or materially alter it so as to make it different from the judgment as actually rendered. But this rule does not affect the power of the court to correct its own records *nunc pro tunc* so as to make its record state what actually occurred.

[4] The action in this case was in claim and delivery under the code. The verdict of the jury was that the plaintiff was entitled to the return of the property and that its value was two thousand two hundred dollars, with interest, as damages, in accordance with section 627 of the Code of Civil Procedure. The judgment actually *rendered* was in accordance with this verdict and it should have been entered in that form. In attempting to enter it, however, the clerk, by a mistake that is perfectly apparent from the previous proceedings shown in the record, entered a simple judgment for the recovery of the property and the accrued interest, and failed to enter the judgment as actually rendered, that is, a judgment for the possession of the property, or for its value in case a delivery of the possession could not be had, and for the interest as damages. The subsequent entry *nunc pro tunc* was not the entry of a new judgment different from that already *rendered,* or the vacation of the previous judgment, as was the order entered in *Kinard* v. *Jordan, supra.* It was the entry of the judgment as actually *rendered* on May 13, 1920, and a correction of the clerical error of the clerk in the original entry. The pendency of an appeal does not destroy the power of a court to make such correction of its record when the mistake is obvious from the other parts of the record and the proper correction can be made therefrom. In *Fay* v. *Stubenrauch,* 141 Cal. 575 [75 Pac. 174], the court said: "Nor

is the right of the lower court to amend suspended or impeded by an appeal, where an amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record." For other cases of similar effect see *San Francisco* v. *Brown*, 153 Cal. 651 [96 Pac. 281]; *Boust* v. *Superior Court*, 162 Cal. 345 [122 Pac. 956]; *Holland* v. *Superior Court*, 169 Cal. 364 [146 Pac. 878]. There is no attempt to show that the corrections made in the entry in anywise prejudiced the appellant. If the district court had accepted her theory that the corrected judgment was void because an appeal was then pending, it would merely have reversed the judgment, with directions to the lower court to re-enter it in the same form. It reached the same result by affirming the judgment as corrected.

Shaw, C. J., Lennon, J., Wilbur, J., Shurtleff, J., Sloane, J., Waste, J., and Richards, J., *pro tem.*, concurred.