[Civ. No. 8165. Third Dist. Oct. 23, 1952.]

ELIZABETH MEYER, Respondent, v. CLARA PORATH et al., Appellants.

James A. Starritt for Appellants.

L. A. MacNicol for Respondent.

VAN DYKE, J.—This appeal is taken from an order made by the trial court amending *nunc pro tunc* its antecedent findings of fact, conclusions of law and judgment. On January 31, 1949, plaintiff and respondent brought action against defendants and appellants to have it decreed that plaintiff was the owner of a right of way for road purposes over the lands of appellants. The right of way was described as being ''a roadway which is now marked out across'' appellants' land, approximately 12 feet in width, and commencing on the westerly line of the servient tenement at a point ''approximately'' 850 feet north of an intersection of the southerly boundary of the servient tenement with the Merced Falls-Coulterville highway and continuing in a general southeasterly direction across the servient tenement to a point on the easterly boundary thereof, located ''approximately'' 450 feet north of a given point. Concerning this way it was alleged that for more than 40 years plaintiff and her predecessor in interest had made actual, open, notorious and adverse use of the way. The answer of appellants generally denied the allegations as to the existence of the right of way. It is apparent that from the beginning the issue was primarily whether or not the right existed and not as to the location on the ground of the way claimed. The cause was tried on May 6, 1949, and on August 19th following the court entered findings of fact, conclusions of law and judgment. By the findings the court found the existence of the right of way and its ownership by respondent. But the court did not use the description appearing in the complaint which, as noted, contained approximations. In

that respect the court found that the right of way should be described as commencing at a point 2,776 feet distant from the quarter corner on the north line of a given section on a course with a given bearing and running thence from that point of commencement along a line with certain courses and distances to a point on the east line of the northeast quarter of the southwest quarter of the section. The same description of the right of way was carried into the judgment. No appeal was taken from the judgment. On May 22, 1951, approximately one year and nine months after the entry of judgment, the respondent, in whose favor the judgment had been entered, moved the court to amend its findings of fact, conclusions of law and judgment *nunc pro tunc* as of the date of entry upon the ground that a clerical error had occurred in the court's description of the declared easement. Movant asked that a correct description be substituted in lieu of the incorrect description appearing in the record. This motion was supported by an affidavit given by the son of respondent which was to the following effect: That after the trial of the action and before findings, conclusions and judgment were prepared or entered a licensed surveyor had been employed to make a survey and to prepare a legal description of the easement referred to in the complaint; that the surveyor prepared a description which was used by the court in its findings and judgment; that it had been discovered after the rendition of the judgment that the surveyor had made an error in certain mathematical computations which resulted in the fixing of a starting point some 500 feet distant from the true starting point. An affidavit was made by the surveyor to the same effect and this affidavit described the true starting point and the true course of the easement. At the hearing of the motion to amend the trial court declared that the court would make the requested amendments upon its own motion, and *nunc pro tunc*. Thereupon the corrected findings and judgment were entered, correctly describing the respondent's easement. Summarizing the foregoing it appears that: The description in the complaint referred to an actual existing roadway marked out across the servient tenement. This roadway was found to constitute an easement as alleged in the complaint. However, in describing the center line of this marked out and visible roadway a mistake was made which was carried into the findings and judgment.

Appellants concede that courts may on their own motion or upon motion directed to the subject matter amend their orders

and judgments so as to correct clerical mistakes that may have been made in memorializing such orders and judgments. But they contend, first, that judicial errors are not so correctable, except by motion for new trial or by appeal or by motion under pertinent sections of the Code of Civil Procedure; and that the errors here sought to be corrected were judicial and not clerical. ■ We think it apparent here that the error herein corrected was clerical and not judicial. It is quite clear that the easement which the court intended to declare and to describe was the visible roadway marked out across the servient tenement as alleged in the complaint and that throughout the proceedings there could have been no doubt in the mind of anyone involved in the litigation that it was this marked out and visible roadway which the plaintiff was contending constituted an easement and which the defendants were contending did not constitute such easement. When, therefore, after the trial and before the findings and judgment were entered a description was furnished to the court by the prevailing party, which, through a mistake of the surveyor, did not describe the existing marked out and visible roadway, but purported to describe such a roadway lying along a different course, the mistake of the court in adopting the description so furnished was a clerical error and subject to correction by the court upon its own motion and with or without notice whenever the court became aware that the findings and judgment as entered were not in truth and in fact the findings and judgment which the court had intended to make.

■ It is well settled that orders may be made correcting judgments *nunc pro tunc* as of their original date without notice and on the court's own motion so as to make them conform to the judicial decisions actually made and this regardless of the lapse of time. (*LaMar* v. *Superior Court*, 87 Cal. App.2d 126 [196 P.2d 98] ; *Benway* v. *Benway*, 69 Cal.App.2d 574 [159 P.2d 682] ; *Estate of Goldberg*, 10 Cal.2d 709 [76 P.2d 508].) ■ It is also settled that when the occasion arises courts not only have the power to amend such orders and judgments, but are under the definite and manifest legal duty so to do. (*LaMar* v. *Superior Court, supra.*) This power exists independently of statute. (*Bastajian* v. *Brown*, 19 Cal. 2d 209 [120 P.2d 9].) ■ A finding, express or implied (in this case express) that a clerical error exists in the judgment in question is, if supported by substantial evidence, a conclusive finding which binds an appellate court on review (*Bastajian* v. *Brown, supra.*) Here the trial court by its order

correcting the findings and judgment declared that the failure of the findings and judgment to contain a proper description of the easement arose because of mistake and inadvertence due to a mathematical error in the survey. From what has been heretofore said there was ample evidence to support this declaration. Upon this point it was said in *Kohlstedt* v. *Hauseur*, 24 Cal.App.2d 60, 62, 63 [74 P.2d 314], that:

"It is for the judge who made the original decision to decide whether the judgment as written expresses his decision. . . . In action upon the matter the judge is exercising one of the functions of his judicial office and he will not direct the amendment unless he is satisfied that the original entry does not clearly express the order which was made.

. . . . . . . . . . . . . .

" 'It was for the trial judge to determine whether the order was complete and all that he intended it to be or whether it was deficient. If the mistake was clerical, it could be corrected. If it was judicial, it could not be. It must be presumed that he found it to be his own clerical error; otherwise he would have had no right to make the second order. The facts were completely and solely within his own knowledge. He alone knew whether a mistake had been made and how it had been made. He had a right to rely upon his own memory . . . and his determination of the fact is conclusive.' "

We are satisfied upon the whole record that the mistake here involved was clerical in nature and that the trial court acted properly and within its jurisdiction in correcting its judgment.

The order appealed from is affirmed.

Peek, J., and Bedeau, J. pro tem., concurred.

Appellants' petition for a hearing by the Supreme Court was denied December 18, 1952.