[Civ. No. 19772. Second Dist., Div. One. Apr. 26, 1954.]

BENEDICT H. SAMPSON, Respondent, v. BENJAMIN A. SAPOZNIK et al., Appellants.

Pacht, Tannenbaum & Ross, Isaac Pacht, Clore Warne and Maxwell E. Greenberg for Appellants.

Dryer, Burris & Lagerlof, Joseph J. Burris and H. Melvin Swift, Jr., for Respondent.

DORAN, J.—The present appeal involves only the power of the trial court to correct *nunc pro tunc* a judgment previously ordered in favor of the respondent. There is also an appeal from the judgment rendered (Civ. No. 19596), this day affirmed in a separate opinion (*ante,* p. 704).

Upon conclusion of the trial and the entering of a minute order in respondent's favor, respondent's attorneys were ordered to prepare findings which, with a proposed judgment, were transmitted to the clerk of the trial court on April 10, 1952. The proposed findings included matter relating to causes of action other than the third cause of action upon which the judgment was rendered, and consequently were not satisfactory. The proposed judgment, in addition to ordering a money judgment in favor of plaintiff, "Further ordered, adjudged and decreed that said defendants are entitled to the assets of Scarfanet Company . . . which remain in the possession of the plaintiff, consisting of office equipment and the balance of merchandise inventory." The corporation was not a party to the litigation.

The trial judge then instructed counsel to prepare other findings and judgment, to which appellants filed objections, and the matter was thereafter discussed in chambers. A third set of findings was then presented which was duly signed by the trial court. No third draft of the judgment had been made, and in place of signing the second proposed judgment, the trial judge signed the first draft of judgment. The first and second proposed judgments were alike except that the second draft omitted the paragraph quoted above relating to assets of the Scarfanet Company. According to an affidavit of respondent's attorney, this second judgment draft was orally approved by the trial judge at the conference in chambers.

After entry of judgment, motions for new trial were made by the appellants, which motions were denied on August 25, 1952. Thereafter, and on November 12, 1952, the respondent filed a notice of motion to correct the judgment *nunc pro tunc* by striking the paragraph referred to above. The motion to correct the judgment was based upon the following grounds:

"1. Mistake of plaintiff and his legal representatives.

"2. Inadvertence of plaintiff and his legal representatives.

"3. Excusable neglect of plaintiff and his legal representatives.

"4. Correction of a clerical mistake.

"5. The above referred to portion of the judgment is void.

"6. Inadvertence of the court.

"7. Mistake of the court.

"8. Inherent power of the court to correct the judgment to make it conform to the judicial decision actually made."

This motion was argued by respective counsel before Judge Bartlett who had signed the judgment, "and by the Court granted on all the grounds stated in the motion." The present appeal is from this order.

It is appellants' contention that "The inclusion of the second paragraph (later stricken) in the judgment was judicial error, because the trial court exercised its judicial discretion, approving the judgment with the stricken paragraph in it, after the alleged inadvertence or clerical error." In this connection appellants state that "A trial court cannot modify or annul an earlier decree simply because upon a reexamination of the same matters at the time of making a second order, it has reached a different conclusion."

Respondent's position is that "The error in signing the wrong judgment was clerical, not judicial." It is understandable, says the respondent's brief, "that a Judge, with three sets of proposed findings of fact and conclusions of law before him, might sign the wrong judgment by mistake. The Minute Order correcting the Judgment *nunc pro tunc* was granted on all grounds stated in the motion. It must be presumed, then, that Judge Bartlett recognized and corrected a clerical mistake, that he recognized and corrected an error due to inadvertence of the Court, and that he invoked his inherent power to correct the Judgment so as to make it conform to the judicial decision actually made."

As stated in 2 California Jurisprudence 852, "It is well settled that all presumptions and intendments are in favor of supporting the judgment or order appealed from." ▇ That this rule applies to such a case as the present cannot be doubted. In *Meyer* v. *Porath*, 113 Cal.App.2d 808 [248 P.2d 984], involving an appeal from an order amending *nunc pro tunc* findings of fact, conclusions of law, and judgment, the reviewing court said: "A finding, express or implied (in this case express) that a clerical error exists in the judgment in question is, if supported by substantial evidence, a conclusive finding which binds an appellate court on review."

Such is the situation in the instant case. ▇ The record leaves no reason to doubt that Judge Bartlett disapproved of the first proposed judgment and intended to sign the second draft. And, as said by respondent, "although the (first) Judgment was actually signed by the Court, it did not con-

form to the findings and conclusions which concluded with the words 'Let Judgment be entered accordingly.' Judge Bartlett, having this state of facts called to his attention at the motion to correct judgment *nunc pro tunc,* performed only his duty in making the judgment express his actual decision.''

Appellants offer, as a further argument, that since the trial court acted upon a motion for new trial prior to correction of the judgment, such action amounts to a judicial approval of the judgment signed, and that thereafter the court was without power to correct the clerical or inadvertent mistake in signing the wrong draft of proposed judgment. It is significant that appellants have cited no case which either directly or by implication so holds. The authorities presented relate largely to fundamental rules about which there is no dispute, or to situations factually different from those here involved. The argument is untenable.

█ A survey of the cases dealing with the correction of judgments and orders indicates that in reference to this remedial procedure, a liberal interpretation is to be adopted. This rule has been recently reaffirmed in *Hover* v. *MacKenzie* (Jan. 26, 1954), 122 Cal.App.2d 852 [266 P.2d 60]. Although the Hover case relates to the vacation of a default judgment, the underlying principle approving a liberal interpretation of section 473 of the Code of Civil Procedure is directly applicable to the present situation. And as there stated, ''Even in a case where the showing under section 473 . . . is not strong, . . . such doubt should be resolved in favor of the application.'' The opinion further says: ''Such orders are rarely reversed, and never unless it clearly appears that there has been a plain abuse of discretion.''

█ There is nothing in the present record to indicate that the trial judge, after signing one judgment ''changed his mind,'' and decided to render a different judgment. On the contrary, there is every indication that Judge Bartlett never had in mind signing any judgment but the second draft, and by granting the motion merely corrected a clerical or inadvertent error. In so doing there was no abuse of discretion, and no reversible error.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 23, 1954. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.