[Civ. No. 17437.   First Dist., Div. One.   Mar. 27, 1958.]

HELEN G. MAKOVSKY, Appellant, v. LEON T. MAKOVSKY, Respondent.

Golden & Stefan and J. Bruce Fratis for Appellant.

Harris, Darter & Older and Cyril Viadro for Respondent.

McMURRAY, J. pro tem.*—Appellant Helen G. Makovsky was granted an interlocutory decree of divorce from respondent Leon T. Makovsky on the grounds of extreme cruelty and

*Assigned by Chairman of Judicial Council.

was awarded certain of the community property of the parties together with counsel fees and permanent alimony. This decree also awarded respondent a business known as "Plaza Jewelry and Loan Office" as his separate property.

This appeal is directed against the trial court's action in awarding the business to respondent as his separate property.

After a nonjury trial, the trial judge filed a "Memorandum Decision" which reads as follows:

"Interlocutory decree of divorce will be granted to plaintiff on the ground of extreme cruelty. No provision will be made for support of children because they are both self-supporting. Order will be made requiring defendant to pay to plaintiff for her support the sum of $225.00 per month, payable on same dates as temporary order. Defendant is ordered to pay to counsel for plaintiff for additional attorney's fees the sum of $600.00.

"The community property is found to consist of an unimproved lot in Piedmont, a dwelling house at 3217 Ardley, flats at 3209 Ardley, an Oldsmobile, a Hudson, and stock in uranium corporation. In addition to the above, the defendant owns a promissory note and a business which are his separate property by reason of an inheritance.

"The community property will be divided by awarding to plaintiff the Hudson automobile, 50 shares of Federal Uranium Company, the household furniture and furnishings, the dwelling house, and the unimproved lot, subject to its balance. Defendant will be awarded the Oldsmobile, 50 shares of Federal Uranium Company, and the flats at 3209 Ardley.

"Defendant is authorized to amend pleadings to conform to proof and allege that the business is separate property of defendant." Thereafter respondent filed an "Amended and Supplemental Answer . . . to Conform to Proof." Appellant's counsel prepared and submitted proposed findings of fact on April 20, 1956, which were signed by the judge on May 11, 1956. In these findings appellant's counsel included findings to the effect that the business, together with two similar prior businesses operated by respondent during the marriage, had increased in value by reason of respondent's personal services and efforts in connection with their operation, and that to the extent that this increment in value was due to respondent's personal efforts and services it was community property.

On May 17, 1956, after service on respondent's counsel, notice of entry of judgment was filed. On June 11, 1956,

appellant filed notice of appeal from that portion of the judgment awarding the business to respondent as his separate property.

Fifteen days after the notice of appeal and on June 26, 1956, the trial judge, upon his own motion and without prior notice to the parties, filed an "Order Correcting and Clarifying Findings of Fact" which read:

"WHEREAS, the above entitled Court on May 11, 1956 signed its findings of fact and conclusions of law and interlocutory decree of divorce in the above entitled action; and

"WHEREAS, said findings of fact and conclusions of law and judgment were prepared by counsel pursuant to instructions of the Court contained in a written memorandum of decision theretofore rendered, which memorandum did not include matters hereinafter quoted from said findings, and said findings of fact included the phrase, Paragraph XII at Page 4, Line 22:

" '. . . it is true that the increase in value of the interest of defendant in said business resulted, in part, from his personal services and effort in connection with the operation of said business; it is true that to the extent that this increment in value was due to the personal efforts and services of defendant, it was community property;' and

"WHEREAS, said findings also included, Paragraph XIII at Page 5, Lines 3 to 9:

" 'It is true that the increase in value of the interest of defendant and cross-complainant in said business from $6,886.22 in 1947 to $22,500.00 on July 10, 1952 resulted, in part, from defendant's personal service and effort in connection with the operation of said business; it is true that to the extent this increment in value was due to the personal efforts and services of defendant, it was community property;' and

"WHEREAS, said findings also included, Paragraph XV at Page 6, Lines 3 to 9:

" 'It is true that the increase in value of the interest of defendant and cross-complainant in said business from $46,336.99 on July 15, 1952 to the sum of $54,071.34 on May 14, 1954 resulted in part from defendant's business; it is true that to the extent this increment in value was due to the personal efforts and services of defendant, it was community property;' and

"WHEREAS, this Court inadvertently failed to notice said quoted portions thereof at the time of signing the same; and

"WHEREAS, this Court in determining that the business

referred to in Paragraph XVII of said findings was the separate property of defendant so concluded by reason of the Court's determination that the preponderance of evidence and inferences therefrom established that the value of said business was less than the cost thereof, and its value, if any, in excess of the amount of separate funds invested by defendant therein was not in excess of the fair and usual increase in value normally derived by or reasonably to be allocated to risk capital so invested; and that in fact defendant had withdrawn and expended for community purposes earnings in excess of a fair compensation for such services and such withdrawals included a portion of profits normally allocated and expected to be earned by risk capital so invested, and the Court did not intend to find that there was any increase in value of the separate property of defendant invested in the business in which defendant had last invested his separate funds, or that any such increase had been caused by or could be attributed to his personal efforts during the period of marriage, but, on the contrary, the Court believed that withdrawals therefrom made by him during such period exceeded any amount of increase of capital that could be attributed to his personal efforts;

"It Is Hereby Ordered, Adjudged and Decreed that the findings of fact be corrected and clarified to correctly set forth the determination of this Court by striking therefrom each of the portions thereof above quoted, and that this order shall be retroactive and entered nunc pro tunc as of May 11, 1956."

Appellant urges that the trial court was without jurisdiction to make its order correcting the findings theretofore filed, especially since such order was filed after the notice of appeal had been filed. In so urging, appellant is required to support the proposition that such order was in fact the correction of a judicial error rather than of a clerical one.

"The distinction between a clerical error and a judicial error does not depend so much on the person making it as on whether it was the deliberate result of judicial reasoning and determination." (29 Cal.Jur.2d, § 101.) In *George v. Bekins Van & Storage Co.*, 83 Cal.App.2d 478 at page 480-481 [189 P.2d 301], it is said: "The term 'clerical error' covers all errors, mistakes, or omissions which are not the result of the exercise of the judicial function. If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to

correspond with what it would have been but for the inadvertence. (*Kowalsky* v. *Nicholson*, 23 Cal.App. 160, 162 [137 P. 607]; Freeman on Judgments (5th ed.), vol. 1, p. 283, § 146.) ■ The court has inherent power to correct such errors. This power extends to striking out findings of fact and conclusions of law and a judgment and substituting wholly different findings of fact and conclusions of law and judgment.'' In *Brashear* v. *Gerbracht*, 128 Cal.App.2d 263 [274 P.2d 933], the fact that the trial judge wrote a memorandum decision was given weight by the court in determining the nature of an order *nunc pro tunc*, and this court in *Nathanson* v. *Murphy*, 147 Cal.App.2d 462 [305 P.2d 710], gave weight to an oral expression of a trial judge as set forth in an affidavit of counsel to determine that the order *nunc pro tunc* there involved was proper as the correction of a clerical rather than a judicial error.

The order in the instant case recites that the original findings were signed inadvertently as to the findings relating to the status of respondent's businesses. The fact that such order was signed after the filing of the notice of appeal is not an objection. ■ ''The pendency of an appeal does not destroy the power of a court to make such correction [order correcting findings] of its record when the mistake is obvious from the other parts of the record and the proper correction can be made therefrom.'' (*Crawford* v. *Meadows*, 55 Cal.App. 4, 11 [203 P. 428].)

That a court may correct its own clerical mistakes on its own motion is explicitly stated in section 473 of the Code of Civil Procedure; such corrections are properly made *nunc pro tunc* in order to make the record of a court state what actually occurred. (*Crawford* v. *Meadows, supra.*)

■ Appellant also contends that the finding that the business was the separate property of respondent is not supported by the evidence, and that while the evidence supports the original findings it does not support the corrected findings.

This contention is inextricably interwoven with another of appellant's contentions to the effect that the trial court's authorization to respondent to amend his answer to conform to proof set forth in the ''Memorandum Decision'' resulted in denying appellant the opportunity to present evidence on a material issue to her prejudice.

The complaint of appellant alleged that the business here under consideration was community property worth $25,000.

The answer at time of trial admitted this allegation, but alleged that the business was worth $12,500; the same allegation and value were pleaded in the respondent's cross-complaint.

Respondent argues that, by participating in the trial to the extent of allowing a showing that some of the business was in the nature of separate property of respondent, appellant waived any objections to amendment of the pleadings to conform to the facts proved, and cites 2 Witkin, California Procedure, pages 1609-1610. Granting that a trial court has broad discretion in allowing amendments to conform to proof and also that such amendment may be made even after submission upon completion of trial (*Feigin* v. *Kutchor*, 105 Cal.App.2d 744 [234 P.2d 264]), nevertheless, it appears that such discretion must be exercised in such manner as to avoid any disadvantage to the opposing party (*LeCyr* v. *Dow*, 30 Cal.App.2d 457, 461-463 [86 P.2d 900]).

In this case the proof adduced at the trial relative to the business might well have been admissible under the pleadings on file at the time of trial. Evidence of the method of acquisition of the business here under consideration was not necessarily beyond the scope of the pleadings before the trial court. Such evidence might have been regarded by appellant as evidence of the value of the community interest rather than evidence of its status as separate property of respondent and would also be a factor for consideration in any division made of the business, and it appears that appellant's attorney so assumed at the trial as is shown by his statement relative to the admissibility of such evidence: ". . . I have no objection . . . to it being permitted for historical reasons only." Under such circumstances, that is, where proof adduced is in conformity with the pleadings, there is no room for a court to exercise its discretion and allow amendment of the pleading to change an admission therein to a denial.

It is the general rule that facts not controverted by answer are not in issue and no evidence need be offered to prove their existence (*Fuentes* v. *Tucker*, 31 Cal.2d 1, 4 [187 P.2d 752]), and where proof at a trial is consonant with such admitted facts it is an abuse of discretion for a judge, after submission of the case, to allow amendment of the pleadings to the prejudice of a party.

The basic reason that a party cannot ordinarily object to such an amendment is that at the trial, without objection, that party permitted the issue to be tried. He is therefore

estopped from challenging the amendment, but an estoppel must be based on the failure to assert a right he should have asserted. In the instant case, the failure to object to the separate property evidence does not create an estoppel for the reasons herein stated.

Had appellant been apprised of the fact that the trial court was considering the evidence relating to the business as determinative of its status as community or separate property, she might have adduced different evidence at the trial and states in her brief that she would have done so. By not being so apprised she was in effect deprived of a full and fair trial on this issue.

The order *nunc pro tunc,* being based upon the amended pleading which was improperly allowed, is, therefore, not an order made to show what actually occurred at the time of trial and becomes an attempt to correct a judicial error rather than a clerical error.

The other contentions of appellant as to the evidentiary establishment of the value of the business need not be here discussed since, because of the prejudicial error above set forth, the judgment insofar as it determined that the business known as the ''Plaza Jewelry and Loan Company'' was the sole and separate property of respondent must be reversed. That portion of the judgment appealed from is reversed and remanded for further trial.

Peters, P. J., and Wood (Fred B.), J., concurred.