[Civ. No. 11179. Third Dist. Sept. 16, 1966.]

DONALD WILLIAM YOUNG, Plaintiff and Appellant, v. GARDNER-DENVER CO. et al., Defendants and Respondents.

J. Adrian Palmquist and Robert R. Hall for Plaintiff and Appellant.

McGregor, Bullen & Erich and George Bullen for Defendants and Respondents.

REGAN, J.—Plaintiff appeals from an order denying his motion (1) to expunge the judgment entered on October 1, 1964; (2) to enter judgment *nunc pro tunc* on the date of September 25, 1964; (3) to correct *nunc pro tunc* the order granting the motion for a stay of judgment; and (4) to vacate the ''void'' order granting defendants' motion for new trial.

We have reviewed the record. That portion of Appellant's Opening Brief entitled ''Facts'' appearing at pages 2, 3 and 4 of that brief, and that portion of Respondents' Reply Brief

entitled "Facts" appearing at pages 2 and 3 of that brief accurately summarize the factual situation and are adopted as a statement of facts for the purpose of this opinion.

The appellant sets forth the facts as follows:

■ "On September 24, 1964, in the trial court, the jury returned a verdict for the plaintiff, in the sum of $85,000.00. The clerk read the verdict and the jurors upon being asked if the verdict was their verdict responded affirmatively. The court then instructed the clerk to enter the verdict and she verified the verdict was entered. The jury was then polled at 10-2 and the court then directed the clerk to record the verdict and she verified she had done so.

"The court then asked counsel if there was anything further at that time and the defendants' attorney (both defendants were represented by Mr. Bullen) replied according to the reporter's transcript.

" 'Mr. Bullen: The usual motion, your Honor, and stay of judgment.

" 'Court: Any objection?

" 'Mr. Hall: (Plaintiff's attorney) No objection.

" 'Court: Stay is granted. The jury is now discharged.'

"On September 28, 1964, plaintiff mailed a notice of entry of judgment to the clerk for filing with proof of service by mail and on said date thereof to all other attorneys. On September 31 [sic], 1964, the clerk wrote a letter returning said notice to plaintiff's attorney explaining it was not filed because judgment had not yet been entered. It is uncontradicted that defendants' attorney thought he had requested a stay of *execution* of the judgment and so did plaintiff's attorney and that the trial judge was so informed of both attorneys' understanding within several days of the jury verdict.

"On September 30, 1964, the court made its minute order vacating the 'order granting stay of proceedings' (the order on September 24th following the jury verdict was for 'stay of judgment' not 'stay of proceedings') and directing the clerk to enter judgment on the verdict. On October 1, 1964, the clerk filed judgment on the verdict.

"On October 1, 1964, plaintiff again gave notice by mail to all parties of the entry of judgment and this time the clerk filed same on October 2, 1964.

"On October 2, 1964, the defendants filed a notice of intention to move for a new trial, mailed to plaintiff and plaintiff in intervention on October 1, 1964, and dated September 30, 1964, and again on October 7, 1964, signed and mailed to plaintiff a

second and identical notice of motion for new trial, filed October 8, 1964.

"The court heard argument on the motion for new trial and on November 30, 1964, filed its order granting defendants a new trial. This was the last day (as extended by the week end being treated as court holidays) within which the court had to rule thereon from October 1, 1964, the date of mailing of notice by plaintiff to all parties of the entry of judgment on October 1, 1964.

"On December 30, 1964, plaintiff filed on behalf of defendants a notice of appeal by defendants to protect their rights of appeal from the case in chief, pointing out this was done on their behalf as plaintiff was preparing and would shortly file a motion for entry of judgment *nunc pro tunc* and did not want to jeopardize defendants' rights of appeal or plaintiff's motion for entry of judgment *nunc pro tunc.*

"On January 18, 1964 [*sic*] plaintiff filed a motion for order that judgment on the verdict be entered *nunc pro tunc* as of September 25, 1964, twenty-four hours after the jury verdict, to correct the order *nunc pro tunc* of September 24, 1964, to show a stay of execution rather than a stay of judgment was granted, to expunge the entry of judgment on October 1, 1964, and to vacate as void the order granting a new trial.

"This motion was heard and denied on January 29, 1965. Plaintiff's notice of appeal from this order of denial was filed February 9, 1965."

The respondent adds the following in his statement of facts:

"In addition to the factual material set forth in plaintiff's memorandum, it should be clarified that at the request of defendants, the Court vacated the stay of proceedings that had been previously granted by way of a Court order for a stay of judgment.

"Following the order vacating the stay of proceedings, a judgment was duly entered, and both the plaintiff and plaintiff in intervention filed and served notices of entry of that judgment, and the defendant filed and served a motion for a new trial.

"Plaintiff's counsel, at the time of the filing of a notice of entry of judgment following the actual entry of judgment, made no attempt to obtain a *nunc pro tunc* order but in fact filed his notice of entry of judgment, relying on the fact that the entry of judgment had occurred. All parties relied on a

notice of entry of judgment filed after judgment was entered."

The effect of the entry of judgment *nunc pro tunc* would be to render void the trial court's order granting defendant's motion for a new trial. (Code Civ. Proc., § 660.)

Plaintiff's contention, in effect, is that the court abused its discretion in denying his motion for entry of judgment *nunc pro tunc* in order to correct a clerical error.

The general rule is that "courts have inherent power to enter judgments *nunc pro tunc* so as to relate back to the time when they should have been entered, but will do so only to avoid injustice." (*Phillips* v. *Phillips,* 41 Cal.2d 869, 875 [264 P.2d 926].) A *nunc pro tunc* judgment is allowed for the purpose of preserving the rights of litigants (*Hess* v. *Gross,* 56 Cal.App.2d 529, 532 [133 P.2d 1]) and is to be granted or refused as justice may require in view of the circumstances of a particular case. (*Norton* v. *City of Pomona,* 5 Cal.2d 54, 62 [53 P.2d 952].) It has been said that the only grounds for antedating a judgment are for ". . . the preservation of the legitimate fruits of the litigation which would otherwise be lost to the prevailing party or the correction of a deficiency in the recordation of a previous decision so as to express the true intention of the court as of the earlier date and thus conform to verity." (*Mather* v. *Mather,* 22 Cal.2d 713, 719 [140 P.2d 808].)

An order may also be made correcting a judgment *nunc pro tunc,* providing the correction is to correct a clerical and not a judicial error. (*LaMar* v. *Superior Court,* 87 Cal. App.2d 126, 130 [196 P.2d 98]; *Meyer* v. *Porath,* 113 Cal.App. 2d 808, 811-812 [248 P.2d 984]; and see Code Civ. Proc., § 473.)

A clerical error is not necessarily one made by the clerk; it may include an error made by the judge or the court. (*LaMar* v. *Superior Court, supra,* 87 Cal.App.2d at p. 130.)

The entry of a judgment generally is deemed a clerical act. (*LaMar* v. *Superior Court, supra,* 87 Cal.App.2d at p. 130.) The distinction between a clerical error and a judicial error, however, does not depend so much on the person making it as on whether it was the deliberate result of judicial reasoning and determination. (*Makovsky* v. *Makovsky,* 158 Cal.App.2d 738, 742 [323 P.2d 562]; *Estate of Sloan,* 222 Cal.App.2d 283, 292 [35 Cal.Rptr. 167].)

In the instant case we hold that the error (order for a stay of judgment) was clerical and was one which in its origin

was shared by the court and opposing counsel. It was not shared by the clerk, however, since the clerk by minute entry put down exactly what the parties had said and *not* what they had intended to say. It cannot be said that such an error was the result of deliberate judicial reasoning and determination. Certainly, if a judge, as well as a clerk, can make a clerical error, there is no reason why an error of a clerical nature cannot be made by everyone except the clerk.

Thereafter, however, all persons concerned acted upon what had been said and not what had been meant to be said: The clerk sent back the submitted notice of entry of judgment to plaintiff's attorney, who accepted the return without protest. The court directed the clerk to vacate the order in question and enter a judgment on the verdict, and the clerk did so enter judgment on October 1, 1964. Defendants' attorney filed notice of intention to move for a new trial based upon the October 1st judgment, and the court, acting upon this judgment, granted the motion for the new trial.

The record shows that plaintiff's attorney was cognizant of the error in the court's order prior to October 1st, yet he failed to seek a correction at this time. Nor did he seek to have the court correct, or to point out his intention to move for a *nunc pro tunc* entry of judgment at any time prior to or at the hearing on defendants' motion for new trial.

It was one month from the date of the court's order granting a new trial when plaintiff filed a notice of appeal on behalf of defendants that he indicated his intention to move for entry of judgment *nunc pro tunc* and have the order granting the new trial rendered void on the ground that the court had lost its jurisdiction to act within the statutory limit prescribed by Code of Civil Procedure, section 660.

Under these circumstances, it would be unconscionable now to correct the clerical error *nunc pro tunc,* and the trial court properly refused to do so.

The order appealed from is affirmed.

Pierce, P. J., and Friedman, J., concurred.

A petition for a rehearing was denied October 13, 1966.