[Civ. No. 12235. Third Dist. Apr. 13, 1970.]

CATHERINE ELIZABETH GRAVERT, a Minor, etc.,
Plaintiff and Respondent, v.
KENNETH DeLUSE, Defendant and Appellant.

578

**COUNSEL**

Anthony J. Scalora and Leonard P. Burke for Defendant and Appellant.

Lobner & Bull for Plaintiff and Respondent.

**OPINION**

**REGAN, J.**—This is a paternity action brought by plaintiff, a minor, acting through her natural mother and guardian ad litem. After a trial without a jury, the court found the defendant to be the father of the minor child. Defendant appeals from the judgment.

### Procedural Background

Plaintiff filed this paternity action on September 28, 1965. Defendant filed his answer on October 25, 1965.

During the pendency of this action in the superior court, the Sacramento County Probation Department on October 25, 1966, filed a petition in the Sacramento County Juvenile Court (No. 22693) under subdivision (a) of section 600 of the Welfare and Institutions Code[1] to have the plaintiff minor declared a dependent child of the juvenile court.

On November 14, 1966, after a hearing upon the merits, the juvenile court entered its order adjudging plaintiff to be a person within the meaning of subdivision (a) of section 600 of the Welfare and Institutions Code and declaring her a dependent child of the juvenile court. This order contained language, inter alia, that the father of plaintiff was Robert Gravert.[2]

On June 27, 1967, this paternity suit came on for trial before the Honorable Irving H. Perluss. The proceedings in the juvenile action (No. 22693) were immediately brought to the attention of the trial court and counsel for plaintiff by defendant's counsel. The trial court, thinking that the language in the juvenile order naming Robert Gravert to be the father to be in error, adjourned the paternity proceedings so that the matter of alleged error might be called to the attention of the juvenile court.

On July 3, 1967, after a hearing, the juvenile court made its order finding that the naming of Robert Gravert as father of the plaintiff minor in its order of November 14, 1966, was a typographical error and did not reflect the true findings of the court, and deleted the reference to Robert Gravert as the father of plaintiff.

On November 13, 1967, trial of the paternity suit was commenced before the Honorable William M. Gallagher. At the beginning of the trial defendant moved that juvenile court file No. 22693 be admitted into evidence, which motion was taken under submission. Later on this request was renewed by defendant and he argued the file's relevancy to the question of res judicata. The court refused to admit the file into evidence, but ruled that the court would take judicial notice of said file and ordered that it remain a part of the superior court records so that the file could be examined by a higher court on appeal.

At the conclusion of the trial, the court found the defendant Kenneth

[1]Section 600. "Any person under the age of 21 years who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge such person to be a dependent child of the court.

"(a) Who is in need of proper and effective parental care or control and has no parent or guardian, or has no parent or guardian willing to exercise or capable of exercising such care or control, or has no parent or guardian actually exercising such care or control."

[2]The birth certificate of plaintiff indicated defendant Kenneth DeLuse was the father.

DeLuse to be the father of the plaintiff, and in addition made the following conclusion of law:

"3. The plaintiff is not barred by res judicata or collateral estoppel by reason of the Orders of the Juvenile Court of the County of Sacramento in action No. 22693 on November 14, 1966 and July 3, 1967."

### 1. *Juvenile Court File No. 22693.*

Defendant initially contends that the trial court erred in refusing to admit this file into evidence. He then makes the general allegation that the trial court's action prevented him from properly preparing his defense. He cites section 1302 of the Evidence Code as authority.[3]

The court apparently rejected the offer because of the confidential nature of juvenile court records, and we think it properly did so. (See Welf. & Inst. Code, § 827 [limiting right to inspect petition and reports in juvenile court proceedings].)

Furthermore, we note that the trial court expressly made known its intention of taking judicial notice of the file. "Judicial notice is, therefore, better described as a *substitute* for proof, 'a judicial shortcut, a doing away with the formal necessity for evidence because there is no real necessity for it.' (*Varcoe* v. *Lee* (1919) 180 C. 338, 344, 181 P. 223.)" (Witkin, Cal. Evidence (2d ed. 1966) Judicial Notice, § 152, p. 146.) Defendant has failed to show how he was prejudiced by this ruling of the trial court. Under the circumstances, we find no error. (See Evid. Code, § 452, subd. (d).)

### 2. *Validity of Juvenile Court Order of July 3, 1967; Effect of Juvenile Court Order of November 14, 1966, as to Res Judicata.*[4]

Defendant contends that the order of July 3, 1967, purporting to modify and correct the November 1966 order was invalid and to no effect for (1) the errors were in effect judicial errors not subject to modification,[5] and (2) that section 473 of the Code of Civil Procedure governs, and since six months had passed after the November 1966 judgment, the juvenile

---

[3]This section reads: "When the liability, obligation, or duty of a third person is in issue in a civil action, evidence of a final judgment against that person is not made inadmissible by the hearsay rule when offered to prove such liability, obligation, or duty."

[4]Defendant's second and third contentions are treated together since they are inter-related. If the order of July 1967 is valid, the res judicata effect of the original order of November 1966 would appear to be moot. Thus, the res judicata issue is reached *only if* the July 1967 order was not a legally permissible correction of the November 1966 order.

[5]See 3 Witkin, Cal. Procedure (1954) Judgment, § 16, p. 1894.

court was powerless to correct the errors.[6] Defendant therefore concludes that the November 1966 order (naming Robert Gravert as father of plaintiff) is res judicata as to the paternity suit.[7]

We disagree with these contentions and hold that the order of July 1967 was valid since the juvenile court was correcting a clerical and not a judicial error.

In *Young v. Gardner-Denver Co.* (1966) 244 Cal.App.2d 915, 919 [53 Cal.Rptr. 522], this court sets forth the applicable rules: "An order may . . . be made correcting a judgment *nunc pro tunc,* providing the correction is to correct a clerical and not a judicial error. (*LaMar v. Superior Court,* 87 Cal.App.2d 126, 130 [196 P.2d 98]; *Meyer v. Porath,* 113 Cal. App.2d 808, 811-812 [248 P.2d 984]; and see Code Civ. Proc., § 473.)

"A clerical error is not necessarily one made by the clerk; it may include an error made by the judge or the court. (*LaMar v. Superior Court, supra,* 87 Cal.App.2d at p. 130.) The entry of a judgment generally is deemed a clerical act. (*LaMar v. Superior Court, supra,* 87 Cal. App.2d at p. 130.) The distinction between a clerical error and a judicial error, however, does not depend so much on the person making it as on *whether it was the deliberate result of judicial reasoning and determination.* (*Makovsky v. Makovsky,* 158 Cal.App.2d 738, 742 [323 P.2d 562]; *Estate of Sloan,* 222 Cal.App.2d 283, 292 [35 Cal.Rptr. 167].)" (Italics added.)

In determining whether an error in an order is clerical or judicial, great weight should be placed on the judge's declaration as to the nature of the error. (*Estate of Doane* (1964) 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581]; *Bastajian v. Brown* (1941) 19 Cal.2d 209, 214-215 [120 P.2d 9].)

Applying the foregoing rules to the facts in the instant case, we think it apparent that at the July 1967 proceeding the juvenile court was correcting what it deemed to be clerical errors made at the 1966 proceeding. The juvenile court, at the 1967 hearing, expressly found that certain typographical errors were made in the findings of the referee and judgment of the court dated November 14, 1966, and that these errors did not reflect the true findings of the court. The court then proceeded to correct a misspelling of the minor's name and deleted the reference to "Robert Gravert" as the father of the minor. Under the rules set forth above, we think the actions of the referee and juvenile court are persuasive that the

---

[6]See *People* ex rel. *Pollock v. Bogart* (1943) 58 Cal.App.2d 831, 835-836 [138 P.2d 360]; *Stevens v. Kelley* (1943) 57 Cal.App.2d 318 [134 P.2d 56].

[7]See *Garcia v. Garcia* (1957) 148 Cal.App.2d 147 [306 P.2d 80].

corrections were clerical in nature. (See *Bastajian* v. *Brown, supra,* 19 Cal.2d at p. 215.)

There are two other reasons why the errors must be considered clerical and the modifying order of July 1967 to be a valid one. First we must take cognizance of the exact nature of the original proceeding. The petition filed in the Sacramento Superior Court sitting as the juvenile court on October 25, 1966, was upon the sole ground that the minor child was a person coming within the provisions of subdivision (a) of section 600 of the Welfare and Institutions Code. The petition prayed that the minor (plaintiff herein) be declared a dependent child of the juvenile court. Thus, paternity was never in issue in these 1966 proceedings. Rather, the only issue upon which due notice was given to the parties was whether the minor was a person coming within the above-cited code section and, in conjunction therewith, whether the welfare of the child required that her custody be taken from the mother. We think the foregoing reinforces our conclusion that the error was clerical.

Secondly, we think the error must be considered as clerical as another department of the superior court already had jurisdiction of the paternity issue prior to the instigation of the dependent child proceedings in the juvenile court. (See *Williams* v. *Superior Court* (1939) 14 Cal.2d 656, 662 [96 P.2d 334].) Nor do we find anything in the record indicating that the juvenile court ever attempted to adjudicate the question of paternity. Once the matter was brought to the attention of the juvenile court in 1967, it readily admitted its clerical error and modified the 1966 order.

■ Nor do we agree with defendant's contention that the juvenile court lacked jurisdiction to act since more than six months had elapsed from the time of the original order. Independently as well as under section 473 of the Code of Civil Procedure, the superior court, regardless of time lapse, has inherent power to correct clerical mistakes in its judgments or orders. (*Estate of Goldberg* (1938) 10 Cal.2d 709, 716-717 [76 P.2d 508]; *Estate of Sloan* (1963) 222 Cal.App.2d 283, 292 [35 Cal.Rptr. 167]; Code Civ. Proc., § 473; see Welf. & Inst. Code, § 775.)

■ The order entered in July of 1967 was a proper correction of a clerical error *nunc pro tunc,* and as such it relates back to the time when it should have been entered, i.e., November 14, 1966. (*Phillips* v. *Phillips* (1953) 41 Cal.2d 869, 875 [264 P.2d 926]; *Young* v. *Gardner-Denver Co., supra,* 244 Cal.App.2d at p. 919.) Thus, in reality, only one order exists and that is the order, as modified, of November 14, 1966. Since such modified order makes no adjudication of paternity, there is no judgment which could bar the present paternity action on the principle of either

res judicata or collaterial estoppel. (In general, see 3 Witkin, Cal. Procedure (1954) Judgment, §§ 44-45, pp. 1926-1927.)

▮ Defendant herein had notice of and had filed his answer to the paternity suit *prior to* the bringing of the juvenile court proceedings. Defendant was served with a notice of hearing for both the 1966 and 1967 juvenile court proceedings in which paternity was not in issue (nor as far as the record shows ever litigated). It would be unjust to now allow him to assert an order of the juvenile court relating to the determination of the status of a minor as a dependent child of said court as res judicata on the very issue of paternity that was then pending before another department of the same court.

The judgment is affirmed.

Pierce, P. J., and Bray, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.