[Sac. No. 4316. In Bank.—July 21, 1930.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES, etc., Respondent, v. G. L. HOLTON, Appellant.

Judd, Balthasar & White and Power & MacFadzean for Appellant.

Henry Merton for Respondent.

THE COURT.—Plaintiff brought an action against several defendants, including appellant, to foreclose a mortgage on real property in Tulare County. Appellant, although duly served, failed to appear and answer, and his default was duly entered. In accordance with the default judgment against appellant and other defendants, a decree of foreclosure and order of sale was made by the trial court, which provided in accordance with plaintiff's prayer that, in case of a deficiency, judgment for that amount should be entered against certain named defendants. Through the inadvertence and mistake of the plaintiff's counsel or his secretary, the name of appellant was omitted from this part of the decree and order. The property was duly sold, and there was thereupon docketed against all the defendants, jointly and severally, other than the appellant, a deficiency judgment of $8,712.44. The complaint alleged, and since Holton defaulted it must be accepted as true, that appellant had assumed and agreed to pay the mortgage. Plaintiff, upon discovering its error, moved the court, under section 473 of the Code of Civil Procedure, for a *nunc pro tunc* order amending the decree of foreclosure and order of sale by including appellant Holton, whose name had been inadvertently omitted. The notice of motion, served upon Holton, clearly stated the nature of the proposed amend-

ment. Holton opposed the motion on several grounds. After a hearing, the trial court issued a *nunc pro tunc* order amending the decree of foreclosure and order of sale, and directing the clerk to docket a deficiency judgment against Holton. Holton appeals, making the same objections that were made in his opposition to the motion in the lower court.

The appeal is taken on highly technical grounds, and is entirely lacking in merit. One of the contentions is that the cost bill for $12.25 was not served on the defaulting defendant. Under the provisions of section 650 of the Code of Civil Procedure, defendant, having defaulted, is not entitled to notice of proceedings subsequent to his default. (*Title Ins. Co.* v. *King,* 162 Cal. 44 [120 Pac. 1066]; *Strong* v. *Shatto,* 201 Cal. 555, 558 [258 Pac. 71].)

The fact that a copy of the requested amendment of the decree and order of sale was not served upon appellant is of no consequence, for the notice of motion clearly informed appellant of the nature and extent of the proposed amendment.

The contention that the notice of motion to amend does not state that the error was due to the fault of the court, and that there is no affidavit to that effect, and, therefore, the court had no jurisdiction, is equally without merit. The affidavit of respondent's attorney stated clearly that Holton's name had been omitted by the mistake of the said attorney or his secretary, and the record discloses the omission. The court, upon hearing, found proper cause for the amendment. That is all that is required.

Appellant likewise contends that the court was without jurisdiction to amend the decree. He appears to be laboring under the erroneous impression that section 473 of the Code of Civil Procedure allows the court to amend only pleadings and proceedings, and that there is therefore no authority to amend a judgment. As early as *Leviston* v. *Swan,* 33 Cal. 480, 484, it was held, in a foreclosure case, that where the judgment is defective as not designating the defendants who were personally liable for the debt, but the record shows who the parties are, the trial court has the power to amend the judgment at any time by adding a clause designating the defendants who are personally liable. In this case the complaint clearly states that appellant

assumed and agreed to pay the mortgage, and the default, duly entered, was an admission of that fact. The judgment of the court stated that all the allegations of the complaint were true. It was clearly within the power of the trial court to amend its judgment as entered to make it conform to the decision which the court actually rendered.

The judgment, as modified by the trial court, is affirmed.