458

[Civ. No. 8744.   Third Dist.   Oct. 21, 1955.]

JOHN BUFALINI et al., Respondents, v. PETER J. DeMICHELIS, Appellant.

Carl E. Day for Appellant.

L. A. MacNicol and E. R. Vaughn for Respondents.

McMURRAY, J. pro tem.*—After appeal from the judgment in *Bufalini* v. *DeMichelis,* 3 Civil No. 8654, this day decided (*ante*, p. 452 [288 P.2d 934]), the trial court made an order *nunc pro tunc* allowing and directing certain amendments to be made to the findings of fact, conclusions of law and judgment by inserting recording data in the description of the Garnet Queen group of mining claims therein contained. The

*Assigned by Chairman of Judicial Council.

findings of fact, conclusions of law and judgment as originally signed described the Garnet Queen Mine as follows: "The Garnet Queen Mine, consisting of Garnet Queen No. 1, Garnet Queen No. 2, and Garnet Queen No. 3, situate in the El Portal Mining District, County of Mariposa, State of California, as described in the Location Notice recorded in Vol. A-2, Mining Records of Mariposa County, California, page 394."

As a matter of fact, the location notice referred to in this description only covered the original notice of location of the Garnet Queen No. 1. There was also an amended location notice recorded affecting the Garnet Queen No. 1 at another place in the mining records of the county. The original and amended location notices of the Garnet Queen No. 2 and No. 3 appeared at still other places in the mining records of the county.

After notice of motion to amend the findings of fact and conclusions of law and the judgment, and argument had thereon, the court allowed their amendment by inserting the correct references to the recorded notices of location and amended notices of location covering all the Garnet Queen claims.

Throughout the pleadings and the trial the Garnet Queen claims were treated as involving three separate, though adjoining, mining claims.

There is no evidence in the principal action nor is it here urged that there is any other Garnet Queen mine or mining claim in the county.

Defendant appeals from the order directing such amendment *nunc pro tunc,* which was made after appeal was perfected from the original judgment.

Appellant contends that the court was without jurisdiction to alter the judgment after an appeal was perfected since that alteration resulted in the correction of a judicial rather than a clerical error or omission in its records. He also urges that there was no evidence to support the order. He cites many cases in support of his position, but none which are here controlling.

The court's action in allowing the amendment *nunc pro tunc* was merely clerical when it is considered that the Garnet Queen Mine was dealt with throughout the pleadings and trial as consisting of three claims.

The amendments allowed merely supplement and clarify the descriptions of the Garnet Queen No. 1, Garnet Queen No. 2, and Garnet Queen No. 3. ▮ The fact that an appeal

was taken from the original judgment does not bar the court from correcting its records so that they shall conform to the facts and speak the truth. (*Carter* v. *J. W. Silver Trucking Co.*, 4 Cal.2d 198, 204 [47 P.2d 733].)

■ A mining claim which has a known descriptive name may be sufficiently described by said name. (*Glacier Mountain Silver Min. Co.* v. *Willis*, 127 U.S. 471, 480 [8 S.Ct. 1214, 32 L.Ed. 172, 174].) And in *Murray* v. *Tulare Irr. Co.*, 120 Cal. 311, 315 [49 P. 563, 52 P. 586], it was held that the name "Watson Ditch" was a sufficient description when there was no evidence of another ditch of the same name. ■ However, although the original description of the Garnet Queen Mine as originally set forth in the pleadings and records in this matter may well have been sufficient, we know of no rule requiring a court to restrict itself to such admittedly informal description when the addition of recording data will clarify the description and perhaps avoid further litigation which might arise from the use of such general description.

■ In *Meyer* v. *Porath*, 113 Cal.App.2d 808, 811 [248 P.2d 984], this court said:

". . . We think it apparent here that the error herein corrected was clerical and not judicial. . . .

"It is well settled that orders may be made correcting judgments *nunc pro tunc* as of their original date without notice and on the court's own motion so as to make them conform to the judicial decisions actually made and this regardless of the lapse of time. [Citing cases.] It is also settled that when the occasion arises courts not only have the power to amend such orders and judgments, but are under the definite and manifest legal duty so to do."

The fact that the court here made its order amending its records *nunc pro tunc* after noticed motion and hearing in no way derogates from the language quoted above and the affidavits filed with the notice of motion to amend the findings of fact, conclusions of law and judgment contain sufficient evidence to support the amendment.

The court had jurisdiction to make such order and amendment and was correct in so doing.

The order appealed from is affirmed.

Van Dyke, P. J., and Peek, J., concurred.