[Civ. No. 6865. Fourth Dist. Dec. 13, 1961.]

BERNAL E. LANG et al., Petitioners, v. THE SUPERIOR COURT OF ORANGE COUNTY, Respondent; HAROLD G. EDWARDS, Real Party in Interest.

Eric A. Rose for Petitioners.

No appearance for Respondent.

Carpenter & Rutter for Real Party in Interest.

COUGHLIN, J.—This is an application for a writ of review or of prohibition; grows out of the facts partially set forth in the case of *Edwards* v. *Lang, ante,* p. 5 [18 Cal.Rptr. 60] 4th Civ. No. 6345, decided by this court this day, in which the petitioners herein were appellants; stems from the action of the trial court amending a judgment in a foreclosure case *nunc pro tunc* after an appeal had been taken therefrom, and its entry of a deficiency judgment after foreclosure sale; and seeks to prohibit the trial court from taking any further proceedings in the cause.

The judgment in question, which has been affirmed, decreed recovery from the defendants of a debt evidenced by a promissory note in favor of the plaintiff; ordered foreclosure of a chattel mortgage securing the same; and directed further proceedings respecting entry of a deficiency against the defendants in the event the foreclosure action did not satisfy the debt. After the appeal from this judgment had been perfected, the plaintiff in that action, who was the respondent on appeal, moved the trial court to correct the same by an amendment which would supply numerical figures omitted from blank spaces provided therefor, and which would add a provision expressly complying with the requirement of section 726 of the Code of Civil Procedure by stating that the defendants, naming them, were personally liable for the debt secured by the mortgage, stating its amount, and for the full recovery of which a deficiency judgment might be entered. The motion to amend was made upon notice to the defendants; was based upon the ground that the omissions in question constituted clerical errors; and, after hearing, was granted. Thereupon an amended judgment containing the subject corrections was entered *nunc pro tunc* as of the date of the original entered judgment. The failure to fill in the blank spaces in the judgment which provided a place wherein, by computation, the total of the amounts unpaid from the defendants to the plaintiff, including principal, interest, attorney's

fees, and costs might be inserted, obviously was the result of clerical error and, as such, was subject to correction by such an amendment. (*Williams* v. *Koenig,* 219 Cal. 656, 658 [28 P.2d 351]; *Fay* v. *Stubenrauch,* 141 Cal. 573, 575 [75 P. 174]; *Homeseekers Loan Assn.* v. *Gleeson,* 133 Cal. 312, 314 [65 P. 617]; *Sav. & Loan Soc.* v. *Horton,* 63 Cal. 310; *McConville* v. *Superior Court,* 78 Cal.App. 203, 207 [248 P. 553].) ▉ Likewise, the failure to expressly state that the defendants, naming them, were personally liable for the debt in question, stating its amount, was a proper subject for correction by amendment. (*Citizens Nat. Trust etc. Bank* v. *Holton,* 210 Cal. 44, 46 [290 P. 447]; *Leviston* v. *Swan,* 33 Cal. 480, 484; see also *Thomson* v. *Roney & Co.,* 112 Cal.App.2d 420, 425 [246 P.2d 1017].)

The petitioners herein contend that their appeal from the original judgment deprived the trial court of jurisdiction to amend it; that there cannot be two judgments in one cause involving the same adjudication; that the amended judgment is void; and that the deficiency judgment, being based on the amended judgment, also is void. These contentions are without merit. ▉▉ It is the established rule that the right of a court to correct a clerical error in its judgment by a *nunc pro tunc* amendment thereto is not suspended by an appeal therefrom. (*Carter* v. *J. W. Silver Trucking Co.,* 4 Cal.2d 198, 204 [47 P.2d 733]; *Halpern* v. *Superior Court,* 190 Cal. 384, 387 [212 P. 916]; *Fay* v. *Stubenrauch, supra,* 141 Cal. 573, 574; *Bufalini* v. *DeMichelis,* 136 Cal.App.2d 458, 460 [288 P.2d 937]; *Crawford* v. *Meadows,* 55 Cal.App. 4, 11 [203 P. 428].) In such a case the court merely is correcting its records, over which its jurisdiction continues even though an appeal has been taken. (*Fay* v. *Stubenrauch, supra,* 141 Cal. 573, 575.) ▉ If the correction is effected by an amended judgment, as in the case at bar, the latter is substituted for the original judgment. (*George* v. *Bekins Van & Storage Co.,* 83 Cal.App. 2d 478, 481 [189 P.2d 301].) In substance, the judgment originally entered remains in full force and effect as amended or corrected. (*Combination Land Co.* v. *Morgan,* 95 Cal. 548, 550 [30 P. 1102]; *Fallon* v. *Brittan,* 84 Cal. 511, 514 [24 P. 381]; *McConville* v. *Superior Court, supra,* 78 Cal.App. 203, 206.) There is no new judgment. The deficiency judgment in question is based upon the original judgment as amended and is valid.

The petition is denied.

Griffin, P. J., and Shepard, J., concurred.