[No. B053163. Second Dist., Div. One. July 31, 1992.]

RAY T. OYAKAWA, Plaintiff and Respondent, v.
ARACELY G. GILLETT, Defendant and Appellant.

## COUNSEL

Peter I. Bersin for Defendant and Appellant.

Lawrence Silver and Mark E. Field for Plaintiff and Respondent.

## OPINION

**VOGEL, J.**—Aracely G. Gillett and Richard Gillett are husband and wife. Ray Oyakawa sued Richard (but not Aracely) and won. Prior to entry of judgment, Richard and Aracely moved to Arizona. Judgment was entered and Richard appealed but he did not post a bond to stay execution. While that appeal was pending,[1] Oyakawa attempted to garnish Richard's Arizona wages. When Aracely and Richard opposed the garnishment on the ground that Arizona law prohibits execution against community property assets unless both spouses are named as judgment debtors, Oyakawa abandoned the Arizona proceedings, returned to California, and persuaded the trial court to amend the judgment to add Aracely as an additional judgment debtor and to designate the judgment as a community property debt. Aracely appeals from the order amending the judgment. We reverse.

### DISCUSSION

Aracely contends there was no legal or factual basis to add her as a judgment debtor. We agree.[2]

---

[1] That appeal has since been resolved. On April 30, 1992, we filed our unpublished opinion reversing the judgment insofar as it awarded punitive damages to Oyakawa and remanding for a new trial on that issue only. (*Oyakawa* v. *Gillett* (Apr. 30, 1992) B042758.)

[2] Aracely also contends the order is void because, "[e]xcept as provided in Sections 917.1 to 917.9, . . . the perfecting of an appeal stays proceedings in the trial court upon the judgment . . . appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ." (Code Civ. Proc., § 916, subd. (a); *Davis* v.

■ Section 187 of the Code of Civil Procedure[3] supports an amendment adding a judgment debtor liable for the original defendant's obligations on an alter ego theory. The rationale is that the new defendant is really one and the same as the original defendant and, as such, was represented by the original defendant's participation in the trial leading to the judgment. (*Dow Jones Co.* v. *Avenel* (1984) 151 Cal.App.3d 144, 148 [198 Cal.Rptr. 457]; *NEC Electronics Inc.* v. *Hurt* (1989) 208 Cal.App.3d 772, 777-781 [256 Cal.Rptr. 441].) But we are not aware of any case authorizing the addition of a spouse qua spouse on this theory. Whatever the law might have been when the husband had unilateral management and control of the community property (see *Cutting* v. *Bryan* (1929) 206 Cal. 254, 258 [274 P. 326]), it can no longer be rationally claimed that a wife is one and the same person as her husband or, as it used to be said, that *uxor non est sui juris, sed sub potestate viri.*

■ Although community property is liable for a debt incurred by either spouse during marriage (Civ. Code, § 5120.110, subd. (a)), it does not follow that a wife can be added to a judgment rendered against her husband in an action in which she was not named and had no opportunity to defend. Indeed, no such amendment is necessary because the Legislature has declared that, "[e]xcept as otherwise expressly provided by statute, the community property is liable for a debt incurred by either spouse . . . during marriage . . . *regardless whether one or both spouses are parties to the debt or to a judgment for the debt.*" (Civ. Code, § 5120.110, subd. (a), italics added.)[4] Oyakawa offers no authority supporting his request that we ignore this statute simply because Arizona law permits execution against community property only if both spouses are expressly named as judgment debtors

---

*Thayer* (1980) 113 Cal.App.3d 892, 912 [170 Cal.Rptr. 328].) The problem with this argument is the exception—subdivision (a) of section 917.1 of the Code of Civil Procedure provides that "[t]he perfecting of an appeal shall not stay enforcement of the judgment . . . in the trial court if the judgment . . . is for money . . . unless an undertaking is given." As noted above, no undertaking was given and, arguably, the amendment adding a judgment debtor is simply a matter of enforcement. However interesting this issue may be, our resolution in Aracely's favor on other grounds (not to mention our prior reversal of part of the original judgment) makes it unnecessary to consider this point.

[3]Section 187 of the Code of Civil Procedure provides that "[w]hen jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."

[4]Under Civil Code section 5122, subdivision (b)(2), if the liability of a married person for death or injury to person or property is not based on an act or omission which occurred while the married person was performing an activity for the benefit of the community, the liability shall first be satisfied from the separate property of the married person and second from the community. Richard's liability to Oyakawa arises from a defamation action. Although the defamation occurred in the course of Richard's employment, there was no showing that his intentionally tortious conduct in any way benefitted the community and no showing that

(Ariz. Rev. Stat. § 25-215, subd. (D); *Spudnuts, Inc.* v. *Lane* (1984) 139 Ariz. 35, 36 [676 P.2d 669]), nor does he explain why he apparently believes we ought to have 50 variations on this theme to accommodate the enforcement statutes of every state in the Union.

◼ In any event, the amendment was not proper on these facts. As the court explained in *NEC Electronics Inc.* v. *Hurt, supra,* 208 Cal.App.3d at pages 778-781, amendments adding additional judgment debtors are appropriate only where it can be demonstrated that the newly added party in fact had control of the previous litigation and thus was virtually represented in the lawsuit. (*Id.* at p. 778.) But where no claim was made against the new party personally and the new party did not participate in the defense of the action or have any duty to appear and personally defend in that action, the new party cannot be added as a judgment debtor by a postjudgment amendment. (*Id.* at p. 779.) In all of the cases in which amendments have been allowed (see, e.g., *Dow Jones Co.* v. *Avenel, supra,* 151 Cal.App.3d at p. 150; *Farenbaugh & Son* v. *Belmont Construction, Inc.* (1987) 194 Cal.App.3d 1023, 1029 [240 Cal.Rptr. 78]; *Mirabito* v. *San Francisco Dairy Co.* (1935) 8 Cal.App.2d 54, 60 [47 P.2d 530]), the newly added judgment debtor was involved with and controlled, to one degree or another, the defense presented by the original defendant. Without control, considerations of due process preclude the addition of a party after the judgment is a fait accompli. (*NEC Electronics Inc.* v. *Hurt, supra,* 208 Cal.App.3d at p. 781.)

Uncontroverted evidence presented to the trial court established that Aracely had no involvement with and no control over Richard's defense of Oyakawa's action. Accordingly, she should not have been added as a judgment debtor.

## DISPOSITION

The order is reversed and remanded to the trial court with directions to vacate the order adding Aracely G. Gillett as a judgment debtor. Aracely G. Gillett shall recover her costs of appeal.

Spencer, P. J., and Ortega, J., concurred.

---

Oyakawa has exhausted his efforts to satisfy the judgment from Richard's separate property. (See *In re Marriage of Stitt* (1983) 147 Cal.App.3d 579, 587 [195 Cal.Rptr. 172] [where the wife embezzled money from her employer, the court required the employer to look first to the wife's separate property for recovery because the husband did not participate in the embezzlement and no benefit to the community was shown]; *In re Marriage of Hirsch* (1989) 211 Cal.App.3d 104, 110 [259 Cal.Rptr. 39] [agreeing with *Stitt* regarding intentionally tortious or criminal conduct where there is no benefit to the community but distinguishing simple negligence].)