64 Cal.App.4th 453 (1998)
11601 WILSHIRE ASSOCIATES, Plaintiff and Appellant,
v.
HELEN GREBOW, Defendant and Respondent.
Docket No. B107999.
Court of Appeals of California, Second District, Division Seven.
June 2, 1998.
*454 COUNSEL
Raiskin & Revitz and Steven J. Revitz for Plaintiff and Appellant.
Grebow and Yee and Arthur Grebow for Defendant and Respondent.
OPINION
JOHNSON, Acting P.J.
In this landlord-tenant dispute, the landlord seeks a judgment against a wife solely on the basis her husband personally guaranteed the obligations of the tenant under the lease. The trial court granted judgment to the wife on the grounds the landlord did not, and could not, state a cause of action against her. We affirm.

FACTS AND PROCEEDINGS BELOW
The facts are not in dispute.
Plaintiff, 11601 Wilshire Associates (Associates), leased office space to the law corporation of Grebow & Barish. Arthur Grebow and Kenneth Barish each signed a personal guaranty of the lease.
*455 Several years later Associates brought an action for breach of the lease, naming as defendants the law firm of Grebow & Barish as well as Grebow and Barish personally and Does 1-50. The first amended complaint alleged each Doe defendant was, among other things, the "duly wedded spouse of each of [the] co-defendants." The complaint included a cause of action against Grebow and "Does 15-20" alleging Grebow was obligated to Associates for all damages it suffered as a result of the law firm's breach of the lease. Associates subsequently filed an amendment to the complaint naming Helen Grebow, the wife of Arthur Grebow,[1] as Doe 15 and proceeded against her on her husband's personal guaranty of the lease.
Helen moved for summary judgment on the ground she could not be held personally liable for any damages to Associates because she did not sign the lease or the personal guaranty, she was not a member of the law firm or employed by it, and she did not maintain an office in the leased space. In response, Associates argued Helen was liable on Arthur's personal guaranty because she was married to Arthur and, as such, responsible for his obligations to the extent of their community property under Family Code section 910.[2] Along with its response to Helen's motion for summary judgment, Associates filed a motion for leave to amend its complaint to allege a cause of action for declaratory relief against Helen.[3]
The trial court granted Helen's motion for summary judgment and denied Associates leave to amend. Associates filed a timely appeal from the judgment.

DISCUSSION
(1) In its brief on appeal Associates candidly admits it brought Helen into this case, not because she was personally liable on Arthur's guaranty, but to facilitate its postjudgment recovery of money damages should it succeed on its claim against Arthur. Associates states: "Because [its] counsel was concerned that Arthur, an experienced attorney, might attempt to hide *456 assets ... Associates named [Helen] as Doe defendant No. 15." Associates goes on to explain it sued Helen "because the law affords greater rights to a judgment creditor against a judgment debtor than the spouse of a judgment debtor." As examples of these greater rights it points out postjudgment interrogatories and postjudgment requests for documents can be served on a judgment debtor but not a third person who is merely holding property for the benefit of the judgment debtor. (Code Civ. Proc., §§ 708.020, 708.030.) In addition, if Helen was a judgment debtor it could record an abstract of judgment, limited to her interest in the community property, which would give it a lien status not otherwise obtainable. Finally, Associates asserts it needs a judgment against Helen in case she and Arthur move to a state such as Arizona where execution on a foreign judgment against community property assets is permitted only if both spouses are expressly named as judgment debtors. (See Oyakawa v. Gillett (1992) 8 Cal. App.4th 628, 631 [10 Cal. Rptr.2d 469].)
Associates argues the trial court erred in granting Helen's motion for summary judgment because "[t]here is nothing in the law that prevents a plaintiff from seeking to enforce the provisions of [Family Code] section 910 in order to obtain, as opposed to merely enforce, a judgment against the spouse of the primary obligor." As authority for this proposition, Associates cites Oyakawa v. Gillett. The plaintiff in that case obtained a judgment solely against the husband. When the couple moved to Arizona plaintiff found he could not execute on their community property in that state because Arizona permits execution against community property only if both spouses are expressly named as judgment debtors. Plaintiff returned to California and persuaded the trial court to amend the judgment by adding the wife as a judgment debtor. On the wife's appeal, the appellate court reversed the amended judgment stating, in part, "Although community property is liable for a debt incurred by either spouse during marriage ... it does not follow that a wife can be added to a judgment rendered against her husband in an action in which she was not named and had no opportunity to defend." (8 Cal. App.4th at p. 631, italics added.)
Seizing on the highlighted language from Oyakawa, Associates reasons that because it named Helen in its complaint and gave her the opportunity to defend it can obtain a judgment against her. In Oyakawa, however, the issue of whether plaintiff could have stated a cause of action against the wife solely to establish the liability of the community assets for the husband's alleged wrongs was not before the court and was not decided.
This issue was decided however, in Reynolds and Reynolds v. Universal Forms, Labels (C.D.Cal. 1997) 965 F. Supp. 1392 in which the court dismissed the plaintiff's complaint against the defendant's spouses for failure to state a cause of action.
*457 In Reynolds, the plaintiff sued Universal and five of its employees on various tort and contract theories stemming from their alleged unfair competition and violation of confidentiality agreements. The employees' spouses were also named as defendants although, as in the case before us, there were no allegations the spouses committed any wrongful acts. Reynolds conceded it named the spouses solely to establish the liability of the community assets under California law for the alleged wrongs of the Universal employees.[4] The spouses moved to dismiss the complaint as to them under rule 12(b)(6) of the Federal Rules of Civil Procedure (28 U.S.C.), the federal judiciary's equivalent of a demurrer. The court granted the motion on the ground "[t]he employees' spouses have no personal liability for the alleged wrongful acts of the ... employees." (965 F. Supp. at p. 1395.) The court acknowledged the issue of whether the employees were "performing an activity for the benefit of the community" would be relevant for collection purposes if Reynolds recovered a judgment against the employees. (See fn. 4, ante.) Indeed, as a matter of judicial economy, the court believed it would be entirely proper to determine this issue at the time of trial. However, the court held, "[w]here both spouses are named in litigation, and where one spouse is included solely in the capacity as a community representative, that spouse has no personal liability, that spouse's separate property cannot be reached for the type of debt alleged, and such spouse does not desire to participate in the litigation, there appears to be no legitimate advantage to plaintiff in forcing the unwilling spouse to participate in the litigation." (965 F. Supp. at p. 1397.)
Although Associates' complaint against Helen is based on a different section of the Family Code than the complaint in Reynolds, in all other respects the two cases are virtually the same and we see no reason why the results should not also be the same.[5]
Having concluded Associates cannot state a cause of action against Helen under Family Code section 910, we turn to the question whether it can do so indirectly under the guise of a cause of action for declaratory relief.
*458 As previously noted, Associates proposed amended complaint alleged "[a]n actual controversy has arisen and now exists between plaintiff and Helen ... in that plaintiff contends, and [Helen] dispute[s], that Helen is obligated to pay any judgment against [Arthur] in this case to the extent of her community property with [Arthur]." The trial court properly recognized this pleading as a sham. No such controversy existed as was evident from Helen's motion for summary judgment. Helen has never disputed her share of the community estate would be liable for a judgment against Arthur to the extent permitted under Family Code section 910. Since a cause of action for declaratory relief requires an actual controversy, Code of Civil Procedure section 1060, and none exists here, the trial court correctly denied leave to file the amended complaint.

DISPOSITION
The judgment is affirmed.
Woods, J., and Neal, J., concurred.
Appellant's petition for review by the Supreme Court was denied August 19, 1998.
NOTES
[1] For the sake of clarity, henceforth we will refer to the Grebows by their first names.
[2] Family Code section 910, subdivision (a) provides: "Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt."
[3] The proposed declaratory relief cause of action alleged in relevant part: "An actual controversy has arisen and now exists between plaintiff and Helen ... in that plaintiff contends, and [Helen] dispute[s], that Helen is obligated to pay any judgment against [Arthur] in this case to the extent of her community property with [Arthur].... Plaintiff desires a judicial declaration and a judgment that Helen is liable, to the extent of any community property with [Arthur], for any judgment issued against him in connection with this case."
[4] Under California law, the extent to which community assets are subject to a tort judgment depends on whether the defendant spouse was "performing an activity for the benefit of the community" when the tortious act or omission occurred. If the defendant spouse was acting for the community, a judgment creditor must look first to the community assets to satisfy the judgment and second to the separate property of the defendant spouse. If the defendant spouse was not acting for the community, then the judgment creditor must look first to the separate property of the defendant spouse and second to the community assets. (Fam. Code, § 1000, subd. (b).)
[5] If anything, Reynolds had a stronger claim to relief than Associates because under Family Code section 1000, subdivision (b) there was at least a potential for a factual dispute over whether the defendant spouse was acting for the community. There are no inherent factual issues in Family Code section 910.