Filed 12/14/21  3123 SMB v. Horn CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| 3123 SMB LLC et al., | B309412 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC682318) |
| v. | |
| STEVEN J. HORN, | |
| Defendant and Respondent. | |

APPEAL from an amended judgment of the Superior Court of Los Angeles County, David Sotelo, Judge.  Reversed.

Law Office of David Knieriem and David Knieriem; Kling Law Firm and Anthony N. Kling for Plaintiffs and Appellants.

Skane Mills and Jonathan Belaga; Valerie F. Horn & Associates and Valerie F. Horn; and Law Offices of Steven J. Horn and Steven J. Horn for Defendant and Respondent.

# INTRODUCTION

Steven J. Horn obtained a judgment confirming an arbitration award against Anthony Kling (Kling) and Mary J. Kling. Kling appealed from the judgment. (*Kling v. Horn* (Dec. 14, 2021, B305967) [nonpub. opn.] (*Kling I*).) While that appeal was pending, the trial court granted a motion by Horn to amend the judgment to add three entities as judgment debtors: 3123 SMB LLC, Lincoln Corporation, and Kling Corporation (the Kling Entities). The court ruled the entities were alter egos of the Klings and amended the judgment. The Kling Entities appealed from the amended judgment—the subject of this appeal (*Kling II*). But because Kling had already filed a notice of appeal from the original judgment, the trial court did not have jurisdiction to amend the judgment. One judgment, two appeals: What to do? We affirm in *Kling I* and reverse in *Kling II*.

## FACTUAL AND PROCEDURAL BACKGROUND

As discussed in more detail in our opinion in *Kling I*, *supra*, B305967, this action arises from a fee dispute between Horn, an attorney, and the Klings, his former clients.[1] (Kling is also an attorney.) In September 2014 Horn initiated an arbitration with the American Arbitration Association (AAA) against the Klings. An arbitrator eventually issued an award in September 2018 in

---

[1] Horn represented the Klings in a lawsuit—Kling in his individual capacity and as the trustee of his trust, but Mary Kling only as the trustee of her named trust. All references to the Klings are to the Klings in those capacities.

favor of Horn and against the Klings and the Kling Entities. Horn filed a petition to confirm the award, and the Klings filed a petition to vacate the award. The trial court granted Horn's petition to confirm the award against the Klings (but not against the Kling Entities), denied the Klings' petition to vacate the award, and in March 2020, entered judgment in favor of Horn and against the Klings.

Shortly after the court entered the judgment, Horn filed a motion to amend the judgment to add the Kling Entities as judgment debtors (although not as alter egos of Kling). Before the trial court ruled on the motion, Kling filed a notice of appeal from the judgment. The Klings then opposed Horn's motion to amend the judgment, arguing (among other things) the trial court did not have jurisdiction to amend the judgment while the appeal was pending.

The trial court granted Horn's motion. The court ruled that it retained jurisdiction to amend the judgment under Code of Civil Procedure section 917.1, subdivision (a)(1), which provides that, "[u]nless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for . . . [¶] . . . [m]oney or the payment of money . . . ."[2] The court also ruled each of the Kling Entities was an alter ego of the Klings and "had the opportunity to 'litigate' the matter." The court entered an amended judgment, from which the Kling Entities timely filed this appeal.

---

[2] Undesignated statutory references are to the Code of Civil Procedure.

# DISCUSSION

We asked the parties under Government Code section 68081 to brief whether the trial court had jurisdiction to amend the judgment to add the Kling Entities after Kling filed his notice of appeal from the judgment. Horn argues the trial court had jurisdiction to add judgment debtors to the judgment while the judgment was on appeal "because it ensured that justice would be done and there was no undertaking posted [to] stay enforcement of the judgment pending appeal." Kling asserts the "lone reported case to address this issue" ultimately "declined to specifically address" it. We conclude that, because the trial court did not have jurisdiction, the amended judgment is void and must be reversed.[3]

### A. *Section 916 Deprived the Trial Court of Jurisdiction To Amend the Judgment*

Section 916 provides that, unless a listed exception applies, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order." "[S]ection 916, as a matter of logic and

---

[3] A "void judgment or order is appealable if that judgment or order is otherwise appealable." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 200; see *Phelan v. Superior Court* (1950) 35 Cal.2d 363, 366; *Young v. Tri-City Healthcare Dist.* (2012) 210 Cal.App.4th 35, 51; *In re Marriage of Micalizio* (1988) 199 Cal.App.3d 662, 670, fn. 2.)

policy, divests the trial court of jurisdiction over the subject matter on appeal—i.e., jurisdiction in its fundamental sense." (*Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, 198 (*Varian*); see *Vosburg v. Vosburg* (1902) 137 Cal. 493, 496; *Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1409; *Davis v. Thayer* (1980) 113 Cal.App.3d 892, 912.)  The "filing of a notice of appeal deprives the trial court of jurisdiction of the cause and vests jurisdiction with the appellate court until the reviewing court issues a remittitur." (*In re Anna S.* (2010) 180 Cal.App.4th 1489, 1499.)  "The purpose of the automatic stay . . . 'is to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided'" and to "'prevent[] the trial court from rendering an appeal futile by altering the appealed judgment or order by conducting other proceedings that may affect it.'" (*Varian*, at p. 189; accord, *LAOSD Asbestos Cases* (2018) 28 Cal.App.5th 862, 872; *Elsea v. Saberi* (1992) 4 Cal.App.4th 625, 629.)

"When triggered, [section 916] bars all proceedings" in the trial court "that 'directly or indirectly seek to "enforce, vacate or modify [the] appealed judgment"'" (*LAOSD Asbestos Cases*, *supra*, 28 Cal.App.5th at p. 872; see *Varian*, *supra*, 35 Cal.4th at p. 189), and generally divests the trial court of the "'power to amend or correct its judgment . . . .'" (*Vosburg v. Vosburg*, *supra*, 137 Cal. at p. 496; accord, *Davis v. Thayer*, *supra*, 113 Cal.App.3d at p. 912; *Estate of Hirschberg* (1964) 224 Cal.App.2d 449, 466-467; *Huskey v. Berini* (1955) 135 Cal.App.2d 613, 617; *Linstead v. Superior Court* (1936) 17 Cal.App.2d 9, 12; see *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 666 ["an appeal from a judgment order strips the trial court of any authority to rule on the judgment"].)  There is little dispute here

that, absent an applicable exception, section 916 precluded the trial court from amending the judgment while that judgment was under review in this court.

It is true, as Kling (for some reason) suggests, the court may correct a "clerical error" in a judgment, even after a party perfects an appeal, "when the mistake is obvious from the other parts of the record and the proper correction can be made therefrom." (*Crawford v. Meadows* (1921) 55 Cal.App. 4, 11; see *Lang v. Superior Court* (1961) 198 Cal.App.2d 16, 17-18; *Lewis v. Firestone* (1959) 170 Cal.App.2d 129, 139-140.) And the trial court's amendment to the judgment adding the Kling Entities as judgment debtors was a correction of sorts. The court's authority to amend a judgment """"to add additional judgment debtors on the ground that a person or entity is the alter ego of the original judgment debtor . . . "'is an equitable procedure based on the theory that the court is . . . inserting the correct name of the real defendant.""""" (*Favila v. Pasquarella* (2021) 65 Cal.App.5th 934, 942; accord, *Rubio v. CIA Wheel Group* (2021) 63 Cal.App.5th 82, 101; *Lopez v. Escamilla* (2020) 48 Cal.App.5th 763, 766.) But it was not a correction of a mere clerical error.

"Clerical error . . . is to be distinguished from judicial error which [generally] cannot be corrected by amendment." (*In re Candelario* (1970) 3 Cal.3d 702, 705; accord, *Aspen Internat. Capital Corp. v. Marsch* (1991) 235 Cal.App.3d 1199, 1204; *Pettigrew v. Grand Rent-A-Car* (1984) 154 Cal.App.3d 204, 210.) "'The difference between judicial and clerical error rests . . . on whether [the alleged error] was the deliberate result of judicial reasoning and determination'" and on "'whether the error was made in rendering the judgment, or in recording the judgment

rendered."' (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 797; see *Candelario*, at p. 705; *Aspen*, at p. 1204.)

Here, the trial court initially decided to confirm the AAA arbitration award and enter judgment against the Klings but not the Kling Entities because none of the Kling Entities had signed an arbitration agreement with Horn and some of the entities did not exist at the time Horn provided legal services to the Klings. That ruling was an intentional decision based on the trial court's understanding of the law and the facts; it was not an "inadvertent one made by the court which cannot reasonably be attributed to the exercise of judicial consideration or discretion." (*Bowden v. Green* (1982) 128 Cal.App.3d 65, 71; see *Machado v. Myers*, *supra*, 39 Cal.App.5th at p. 798 [parties were not asking the court to correct a clerical error where the parties "were asking the court to correct the language of the judgment which the court *intentionally* adopted"]; *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110, 118 [error was not a clerical error where there was "no evidence that anyone suggested to the trial judge at the time of rendition of judgment that the [appellants] be named as judgment debtors," that "the court had an intent to include them as judgment debtors," or that "their name was omitted through mere inadvertence"].)

The trial court subsequently decided to amend the judgment, not because of prior inadvertence, but because, in the court's opinion, Horn proved under section 187 the Kling Entities were alter egos of the Klings and could be added as judgment debtors under such a theory. This was a separate exercise of the court's discretionary power based on new facts, not a correction of a clerical error. (See *Epley v. Califro* (1958) 49 Cal.2d 849, 854

7

[order setting aside a dismissal was not a correction for inadvertence or clerical error, but rather "a new decision after reconsideration of the facts and the applicable legal principles"]; *Danko v. O'Reilly* (2014) 232 Cal.App.4th 732, 736 [""'The decision to grant an amendment"'" to add a judgment debtor under an alter ego theory "'"lies in the sound discretion of the trial court."'"]; *Greenspan v. LADT LLC* (2010) 191 Cal.App.4th 486, 508 [same]; see also *Favila v. Pasquarella, supra,* 65 Cal.App.5th at p. 947 [stating the requirements for adding a judgment debtor under an alter ego theory].)[4]  Indeed, Horn concedes he "filed a motion to amend the judgment to add [the Kling Entities] because the trial court's reasoning in removing [them] from the judgment was legally incorrect."  The clerical-mistake exception to section 916 did not apply.

At oral argument, counsel for the Kling entities (who should be arguing the stay under section 916 applies) cited the court's recent decision in *Blizzard Energy, Inc. v. Schaefers* (2021)

---

[4]  At least one court has suggested that amending a judgment to add a judgment debtor under an alter ego theory corrects a clerical error, even where the amendment is based on extrinsic evidence. (See *Thomson v. L. C. Roney & Co.* (1952) 112 Cal.App.2d 420, 427.)  The court in *Thomson* was discussing the court's general authority to amend a judgment to add a judgment debtor under an alter ego theory, not whether the court has jurisdiction to do so while the judgment is on appeal.  There is no dispute a trial court generally has authority to make such an amendment under section 187.  (See *Favila v. Pasquarella, supra,* 65 Cal.App.5th at p. 942.)  But as discussed, such an amendment is not a clerical error that a court can correct after the defendant perfects an appeal.

8

71 Cal.App.5th 832, which held section 916 does not apply to proceedings under the Sister State Money Judgments Act (see § 1710.10 et seq.) because they are "special proceedings, not civil actions." (*Blizzard Energy,* at p. 843.) "Part 2 of the Code of Civil Procedure," which includes section 916, "extends generally only to civil 'actions,' and not to 'special proceedings'" (*Agricultural Labor Relations Bd. v. Tex-Cal Land Management, Inc.* (1987) 43 Cal.3d 696, 707), and "'[h]earings to confirm an arbitration award are "special proceedings" as contrasted with "actions"'" (*Paramount Unified School Dist. v. Teachers Assn. of Paramount* (1994) 26 Cal.App.4th 1371, 1387; see §§ 22, 23). But an appeal from a judgment confirming an arbitration award is an appeal from a judgment in a civil action. (See § 1287.4 [judgment confirming an arbitration award judgment "has the same force and effect as, and is subject to all the provisions of law relating to, a judgment in a civil action of the same jurisdictional classification"]; § 1294.2 [appeal from a judgment confirming an arbitration award "shall be taken in the same manner as an appeal from an order or judgment in a civil action"]; *Rubin v. Western Mutual Ins. Co.* (1999) 71 Cal.App.4th 1539, 1547 ["The express language of section 1287.4 requires that a judgment imposed after confirmation of an arbitration award be treated as one in an ordinary civil action."]; *Hall, Goodhue, Haisley & Barker, Inc. v. Marconi Conf. Center Bd.* (1996) 41 Cal.App.4th 1551, 1555 ["the express mandate of section 1287.4 [is] that judgments confirming arbitration awards are subject to all the provisions of law relating to a judgment in a civil action"]; *Trollope v. Jeffries* (1976) 55 Cal.App.3d 816, 823 ["[a]s respects confirmation, its purpose is to raise the award to the status of a

judgment having the same force as judgment in a civil action"].)
Therefore, section 916 applies.

B.   *Adding the Kling Entities as Judgment Debtors Was*
     *Not Enforcing the Judgment Under Section 917.1*

Horn argues the "automatic stay from Code of Civil
Procedure section 916 does not stay enforcement of money
judgments, which are considered collateral matters and are
excepted from the automatic stay."  As discussed, section 917.1,
subdivision (a)(1), does provide an exception to the stay of trial
court proceedings under section 916 for the enforcement of money
judgments not subject to an undertaking, and Kling did not file
an undertaking to stay enforcement of the judgment pending
appeal.  Horn argues that the trial court's amendment adding the
Kling Entities as judgment debtors was a means of enforcing the
judgment and that, under section 917.1, subdivision (a)(1), the
trial court had jurisdiction to amend the judgment.

The language of section 917.1, however, does not support
Horn's interpretation.[5]  Section 917.1 uses the term
"enforcement," not "amendment," to refer to trial court
proceedings that are not stayed when an appealing party fails to

---

[5]      "The law governing the right of an appellant to a stay of
execution pending appeal is totally statutory, created by
legislative enactment.  As such, it is subject to the general rules
of statutory construction, including the basic proposition that
such enactments should be construed in accordance with
legislative intent." (*Miller v. Gross* (1975) 48 Cal.App.3d 608,
612.)  The interpretation of a statute is a question of law we
review de novo.  (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183,
190.)

post an undertaking.  Conversely, cases repeatedly refer to the procedure of adding a judgment debtor to a judgment as an alter ego under section 187 as one to "correct," "modify," or "amend" the judgment, not one to "enforce" it.  (See, e.g., *Motores De Mexicali, S. A. v. Superior Court* (1958) 51 Cal.2d 172, 174-175; *Favila v. Pasquarella, supra*, 65 Cal.App.5th at p. 942; *MSY Trading, Inc. v. Saleen Automotive, Inc.* (2020) 51 Cal.App.5th 395, 402; *Wolf Metals Inc. v. Rand Pacific Sales Inc.* (2016) 4 Cal.App.5th 698, 703-704; *Toho-Towa Co., Ltd. v. Morgan Creek Productions, Inc.* (2013) 217 Cal.App.4th 1096, 1106.)

Moreover, moving to amend a judgment to add an additional judgment debtor is not part of the law governing enforcement of judgments.  A motion to amend a judgment to add a judgment debtor is an equitable procedure that derives from the court's authority to adopt proceedings necessary to carry its jurisdiction into effect under section 187.  (*Favila v. Pasquarella*, *supra*, 65 Cal.App.5th at p. 942; *Triyar Hospitality Management, LLC v. WSI (II)-HWP, LLC* (2020) 57 Cal.App.5th 636, 641; *Highland Springs Conference & Training Center v. City of Banning* (2016) 244 Cal.App.4th 267, 289; *NEC Electronics Inc. v. Hurt* (1989) 208 Cal.App.3d 772, 778.)  Though it may indirectly assist the judgment creditor in satisfying the original judgment (see *Wells Fargo Bank, N.A. v. Weinberg* (2014) 227 Cal.App.4th 1, 7; *Greenspan v. LADT LLC, supra*, 191 Cal.App.4th at pp. 516-517), it is not an enforcement procedure under the Enforcement of Judgments Law (§ 680.010 et seq.).

In contrast, the Enforcement of Judgments Law, which is "set out elsewhere in the Code of Civil Procedure and in the California Rules of Court," provides "in detail several means of

11

enforcing a judgment, including liens on real and personal property (§§ 697.010-697.920), writs of execution (§§ 699.010-701.830), garnishment of wages (§§ 706.010-706.154) and writs of possession or sale (§§ 712.010-716.030)." (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 609; accord, *Highland Springs Conference & Training Center v. City of Banning* (2019) 42 Cal.App.5th 416, 424.) But nowhere does the Enforcement of Judgments Law "suggest[ ] that the filing and pursuit of an alter ego motion to amend a judgment to add an additional judgment debtor . . . constitutes the enforcement of the judgment the movant seeks to amend." (*Highland Springs*, at pp. 425-426; see *id.* at pp. 423-425 [provisions in the Code of Civil Procedure governing "*prejudgment* costs," rather than "postjudgment *enforcement* costs and fees," applied to attorneys' fees sought in connection with a motion to amend the judgment to add judgment debtors under an alter ego theory]; but see *Oyakawa v. Gillett* (1992) 8 Cal.App.4th 628, 630, fn. 2 ["arguably, the amendment adding a judgment debtor is simply a matter of enforcement," but "[h]owever interesting this issue may be, our resolution [of the appeal] on other grounds . . . makes it unnecessary to consider this point"].) Indeed, it is not until the court grants the motion under section 187 that the judgment creditor can take any enforcement actions against the new judgment debtors. (See *Highland Springs*, at pp. 425-426 [while the Enforcement of Judgments Laws procedures result, "at least to some degree, in the satisfaction of the judgment," a "section 187 motion to amend a judgment to add an additional judgment debtor," if granted, "merely allows the judgment creditor to

12

enforce the now-amended judgment against the additional judgment debtor"].)[6]

C. *The Amended Judgment Must Be Reversed*

Because section 916 divested the trial court of jurisdiction over the subject matter of the judgment, "any 'proceedings taken after the notice of appeal was filed are a nullity'" and "void—and not merely voidable." (*Varian, supra*, 35 Cal.4th at pp. 197-198; see *Davis v. Thayer, supra*, 113 Cal.App.3d at p. 912.) When "'there is an appeal from a void judgment'"—or in this case, a void amended judgment—our jurisdiction "'is limited to reversing the trial court's void acts.'" (*Varian*, at p. 200; see *Griset v. Fair Political Practices Com*. (2001) 25 Cal.4th 688, 701.) So that is what we must do here. Of course, because in *Kling I* we affirm the judgment confirming the arbitration award, the trial court will soon have jurisdiction to hear a(nother) motion to amend the judgment to add additional judgment debtors. (See *Favila v. Pasquarella, supra*, 65 Cal.App.5th at p. 949 [a judgment creditor may add an alter ego as a judgment debtor under section 187 at any time].)

---

[6] Nor did ensuring "justice be done," as Horn asserts, give the trial court jurisdiction to amend the judgment. Though courts may have power "to pursue whatever course . . . the justice of the case require[s]" (*Bowers v. Dickerson* (1861) 18 Cal. 420, 421), the pursuit of justice, without more, does not give courts jurisdiction where they otherwise lack it.

## DISPOSITION

The amended judgment is reversed.  The parties are to bear their costs on appeal.


SEGAL, J.


We concur:


PERLUSS, P. J.


FEUER, J.


14