Filed 9/8/17

CERTIFIED FOR PARTIAL PUBLICATION*

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| PHILLIP GUTTMAN, | ) | No. BV 031226-01 |
| | ) | |
| Plaintiff and Appellant, | ) | Central Trial Court |
| | ) | |
| v. | ) | Nos. 14U11541, 15U03204 |
| | ) | |
| CHARLES CHIAZOR et al., | ) | |
| | ) | |
| Defendants and Respondents. | ) | **OPINION** |
| | ) | |

APPEALS from judgments and orders of the Superior Court of Los Angeles County, consolidated for purposes of appeal.

Case No. 14U11541, the Honorable Mary Ann Murphy, Judge Presiding. Affirmed.

Case No. 15U03204, the Honorable Cary Nishimoto, Judge Presiding. Reversed.

Feldman, Daggenhurst & El Dabe, Richard Daggenhurst, for plaintiff and appellant Phillip Guttman in case No. 14U11541, for plaintiff and respondent in case No. 15U03204.

Munger, Tolles & Olson LLP, Michael E. Soloff, Fred A. Rowley, Jr., Ellen M. Richmond, Christopher M. Lynch; Legal Aid Foundation of Los Angeles, Joshua J. Johnson, for defendants and respondents Charles Chiazor and Hyacinth Pascascio in case No. 14U11541 and for defendants and appellants in case No. 15U03204.

_____

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication except for the indicated portion of the opinion at pages 2 through 10.

INTRODUCTION

In the published portion of this opinion, we hold there is a right to a jury trial in an unlawful detainer action on the affirmative defense of breach of the warranty of habitability. The trial court erred in denying the demand for a jury trial by defendants Charles Chiazor and Hyacinth Pascascio and in conducting a court trial. Accordingly, we reverse the judgment in favor of plaintiff Phillip Guttman.

[Start of unpublished part]

This court consolidated multiple appeals in this case. Judgment was entered against plaintiff in his 2014 unlawful detainer action against defendants following a trial. Plaintiff appeals this judgment, contending the court at trial improperly excluded videos taken by plaintiff of defendants' apartment and erred in allowing defendants to amend their answer. Plaintiff further contends the court erred in failing to enter a *conditional* judgment based on a finding plaintiff breached the warranty of habitability, as required by Code of Civil Procedure section 1174.2, subdivision (a). Defendant additionally appeals the court's order that corrected the judgment to indicate the judgment was conditional, contending the order was void because the case was on appeal at the time the order was made. As discussed below, we affirm the court's order correcting the judgment, and affirm the judgment as corrected by the court.[1]

The last appeal discussed below is based on a second unlawful detainer action filed by plaintiff in 2015 against defendants following the rendition of judgment in the case mentioned above. The sole issue in the appeal is the denial of the right to trial by jury, and as previously indicated, we reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND OF 2014 ACTION

The complaint in the first action was filed on September 11, 2014, and was based on a three-day notice to pay rent or quit. The complaint alleged the monthly rent was $1,215 and it was not paid for the months of August and September 2014. Defendants filed substantially

---

[1]Plaintiff also filed a notice of appeal on May 26, 2015, from one of the court's compliance orders entered following its entry of the conditional judgment. We consolidated this appeal (case No. BV 031226-03) into the present appeal, but plaintiff does not discuss this appeal in his appellate briefs. We accordingly hereby dismiss the appeal.

2

identical answers which included the affirmative defense of breach of the warranty of habitability. Defendants checked the box in their form answers indicating the rental value of the property was excessive because the landlord "failed to provide a tenantable dwelling as follows, . . . which are listed by way of example and not limitation," and checked boxes stating "Hole(s) in walls/floor/carpet," "Missing/torn window screens," "Infestation of roaches/rodents/insects/vermin," "Defective electrical/wiring," and "mold."

On November 3, 2014, a jury rendered a special verdict finding plaintiff breached the warranty of habitability for August and September 2014.[2] On this same date, the court entered judgment against plaintiff in defendants' favor, but on December 12, 2014, the court granted plaintiff's motion for a new trial.[3]

The jury trial which is the subject of plaintiff's appeal was a retrial after the granting of the motion for a new trial, and it began on February 3, 2015. With respect to issues relevant to the appeal, the following evidence was presented.

Jasmine Teroganesyan testified she was a Los Angeles County Department of Public Health employee, and on December 18, 2014, she inspected defendants' apartment and determined the only item needing correction, which she wrote in her inspection report, related to a "moderate" cockroach infestation in the kitchen. Teroganesyan also testified Pascascio directed her to a problem with mold. Teroganesyan saw "a black substance" in the apartment, but she did not know whether it was mold.

Chiazor and Pascascio testified there were numerous problems with the unit in August and September 2014, including the kitchen floor being "rotten beyond repair" with a "mold-like organism" on the floor; "roaches everywhere"; the carpet not having been changed in over 35

---

[2]The jury stated in its verdict the following conditions made the premises uninhabitable: "Dirty water and lack of reliable plumbing, roaches in the unit, shower door unsafe + contributing to mold, mold in bathroom + kitchen, non-functioning heater, holes in wall + floor, unacceptable carpet condition, mold in hallway."

[3]Plaintiff's motion was based on insufficiency of the evidence supporting the jury's finding that the reasonable rental value of the apartment was $12 from August 1 through September 30, 2014, and $0 from October 1, 2014, until the date of the November 3, 2014 verdict.

years; the heater not functioning properly; and plumbing problems, including brown water coming out of the bathtub faucet.

Plaintiff testified the heater was working properly in August, September and November 2014. The only defective condition in the apartment was a broken window. Boris Avetesyan, plaintiff's maintenance man, testified he went into the apartment in September 2014, and Pascascio only directed him to fix a broken drawer and a light fixture. When Avetesyan went into the apartment on November 12, 2014, he determined the heater was working, but he replaced the thermostat anyway.

The trial concluded on February 6, 2015, with the jury finding there was a breach of the warranty of habitability. In its special verdict form, the jury listed the following conditions that made the apartment uninhabitable: "Broken window [¶] Kitchen flooring not in good repair [¶] Carpet worn [¶] Roaches present [¶] Water proofing not effective [¶] Black substance present [¶] Damaged walls [¶] Heater not working properly [¶] Plumbing not working properly."

Additionally, the jury in the verdict form found the reasonable rental value for the apartment from August 1 through September 30, 2014, was $188.92, and $302.50 from October 1, 2014 until the date of the verdict.

The record on appeal contains a typed November 3, 2014 judgment which has a handwritten notation on the left margin stating, "Judgment amended per court order on 2/6/15." The judgment states it was filed and entered on November 3, 2014; judgment was entered in favor of defendants and against plaintiff; and "Judgment amended on February 6, 2015 pursuant to jury verdict as follows: [¶] Reasonable rental value of the premises from August 1, 2014 through September 30, 2014 is $188.92. Reasonable rental value of the premises from October 1, 2014 until the date of the verdict is $302.50."

On February 25, 2015, plaintiff filed a notice of appeal from the February 6, 2015 judgment.

Defendants filed an ex parte motion to correct the judgment and, on March 25, 2015, the trial court held a hearing on whether the judgment should be corrected. The trial court acknowledged that a conditional judgment should have been entered on February 6, 2015, but

4

determined that the clerk, without the court's approval or direction, mistakenly entered an unconditional judgment. The court entered an order, purporting to correct the error nunc pro tunc, vacating the judgment entered by the clerk, and entering a conditional judgment.

The court entered in the judgment the reasonable rental value of the apartment as reflected in the February 6, 2015 special verdict form for the period from October 1, 2014, until the date of the February 6, 2015 verdict, as $2.34 per day ($302.50 divided by 129 days). The court also entered judgment in favor of defendants conditioned on them paying the accrued rent, and ordered the rent to remain at the reduced rate until plaintiff corrected the items indicated on the jury's February 6, 2015 special verdict. Defendants' counsel tendered to plaintiff's attorney at the hearing the accrued rent ($188.92 for the period from August 1, 2014, through September 30, 2014; $302.50 for the period from October 1, 2014, until the date of the February 6, 2015 verdict; and $75 for March 2015). But, contending as he does on appeal that the court lacked power to correct the February 6, 2015 judgment because the case was on appeal, plaintiff's attorney did not accept the accrued rent.

On March 27, 2015, plaintiff filed a notice of appeal from the March 25, 2015 order.[4]

DISCUSSION OF APPEAL REGARDING 2014 ACTION

*Videos*

Plaintiff testified in the trial that began on February 3, 2015, that the heater was working in August and September 2014, and that he went inside the apartment and took a video of the heater on November 12, 2014. The court determined outside the presence of the jury that plaintiff wanted to show the jury both the November 12, 2014 video and a second video which was taken of the interior of the apartment on January 5, 2015. The court indicated that, since the videos were taken after the unlawful detainer case had been filed and without defense counsel's consent, they appeared to be inadmissible due to violation of the rules of discovery. The court asked counsel to provide it with briefs on the admissibility of the videos by the next

---

[4]Subsequent to the court's March 25, 2015 correction of the judgment, the court conducted several compliance hearings and ordered plaintiff to correct conditions that continued to render the property uninhabitable.

day, but ruled that until it decided the issue, neither the videos nor any evidence that videos were taken would be admitted.[5]

Plaintiff filed a brief explaining that the videos showed the interior of the apartment and were taken while Pascascio was present, and arguing the videos were relevant and admissible because they showed the conditions in the apartment and would "further clarify . . . plaintiff's testimony." At a hearing outside the jury's presence, defense counsel told the court Pascascio could be heard in one of the videos screaming, "This is harassment. This is harassment." Defense counsel argued the videos should not be admitted because plaintiff had abused defendants' rights by entering the apartment and taking the video.

The court stated that, although it had not yet viewed the videos, it was clear plaintiff had violated defendants' rights by entering the apartment and taking the videos. The court told the parties it would view the videos in full, but its ruling was that the videos would not be admitted into evidence. After the conclusion of closing arguments, the court stated it viewed the 22-minute November 14, 2014 video, and noted plaintiff and two other persons entered the apartment and repeatedly asked Pascascio questions in an aggressive and confrontational manner, and that Pascascio became extremely upset. The court also noted it viewed the eight-minute January 5, 2015 video, wherein plaintiff repeatedly stated what he thought had happened in the unit, accusing defendants ("the tenant broke this, the tenant broke that") and showing the interior both of defendants' unit and of other units. The court found in both videos, but particularly the 22-minute video, that plaintiff abused his right of access to the unit and harassed defendants by taking the videos. The court also determined the eight-minute video contained inadmissible statements by plaintiff which would not have been admissible even if he testified having made them in court.[6]

_____

[5]The court instructed the jury to disregard all testimony concerning the videos.

[6]The video exhibits were not transmitted to this court pursuant to California Rules of Court, rule 8.843. On August 16, 2017, plaintiff provided this court with a notice of attachment of video exhibits. But, because plaintiff failed to comply with the above rule in transmitting exhibits to this court, the clerk of this court is ordered to return to plaintiff the DVD and flash drive attached to his notice.

6

Plaintiff argues on appeal that the court erred in excluding the videos because they were relevant. Plaintiff maintains the November 14, 2014 video was relevant because it would have corroborated plaintiff's and Avetisyan's testimony that the heater was working properly, and the January 5, 2015 video would have shown "that there was no black substance in the apartment and showed no problem with the plumbing." We review the court's ruling on the admissibility of the evidence for abuse of discretion. (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900.)

Video evidence of the condition of the apartment may have corroborated plaintiff's witnesses' testimony, and it could have assisted the jury in determining the reasonable rental value of the property from October 2014 to the time of the February 2015 judgment. However, plaintiff has not demonstrated the court erred in excluding both videos based on plaintiff abusing his right to entry and harassing his tenants. Civil Code section 1954 regulates when and under what conditions a landlord may enter a tenant's unit. Civil Code section 1954, subdivision (c), provides, "The landlord may not abuse the right of access or use it to harass the tenant." The trial court stated the videos showed plaintiff aggressively questioning Pascascio, pointing out all the things he believed defendants had broken in the unit, and Pascascio becoming extremely upset. Plaintiff has not shown the court erred in finding plaintiff abused his right to access and harassed defendants by taking the videos. Although Civil Code section 1954 does not provide for exclusion of evidence as a sanction for violation of its provisions, courts have inherent power to exclude evidence to cure violation of invasion of privacy and harassment (see *Continental Ins. Co. v. Superior Court* (1995) 32 Cal.App.4th 94, 107-108), and the court's action here was justified to correct the violation of the statute.

*Answers*

Plaintiff argues the court erred in allowing defendants to amend their answers to list the specific conditions that rendered the property uninhabitable. The argument lacks merit.

Defendants' answers in the 2014 action listed the affirmative defense of breach of the warranty of habitability, and stated the uninhabitable conditions they enumerated were "listed by way of example and not limitation." They then checked boxes stating "Hole(s) in

7

walls/floor/carpet," "Missing/torn window screens," "Infestation of roaches/rodents/ insects/vermin," "Defective electrical/wiring," and "mold." The court allowed defendants to amend their answers to list the conditions which were subsequently found as uninhabitable by the jury following the granting of plaintiff's motion for a new trial.[7]

Even assuming, without deciding, the court erred in allowing the amendment, reversal is unwarranted because plaintiff has not established how he was prejudiced. (See *People ex rel. City of Santa Monica v. Gabriel* (2010) 186 Cal.App.4th 882, 887 ["'Prejudice is not presumed, and the burden is on the appealing party to demonstrate that a miscarriage of justice has occurred.' To establish prejudice, an appellant must show a reasonable probability exists that, in the absence of the error, he or she would have obtained a more favorable result"].) The purpose of an answer is to put a plaintiff on notice regarding any controverted issues and asserted defenses. (See *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 240.) Even without the amendment, the answers here placed plaintiff on notice regarding the uninhabitable conditions at issue, including "mold," which it appears was subsequently listed by the jury as a "[b]lack substance." The original answers also provided notice that the listed items were not the only ones that defendant would establish at trial. After the first jury trial, plaintiff knew the specific conditions that were at issue.[8] These were substantially the same conditions listed in defendants' amended answers, and they gave plaintiff the opportunity to prepare for the second trial.

*Judgment and Subsequent Correction*

We agree with plaintiff that the original unconditional judgment entered on February 6, 2015, did not comply with Code of Civil Procedure section 1174.2, subdivision (a). This

---

[7]In its special verdict form in the second jury trial, the jury listed the following conditions: "Broken window [¶] Kitchen flooring not in good repair [¶] Carpet worn [¶] Roaches present [¶] Water proofing not effective [¶] Black substance present [¶] Damaged walls [¶] Heater not working properly [¶] Plumbing not working properly."

[8]The jury indicated in its first verdict that it found the following conditions existed: "Dirty water and lack of reliable plumbing, roaches in the unit, shower door unsafe + contributing to mold, mold in bathroom + kitchen, non-functioning heater, holes in wall + floor, unacceptable carpet condition, mold in hallway."

8

statute requires that a court enter a judgment "*conditioned* upon the payment by the tenant of the rent that has accrued to the date of the trial as adjusted . . . ." (Italics added.)

The judgment entered in favor of defendants on November 3, 2014, was "amended on February 6, 2015 pursuant to jury verdict as follows: [¶] Reasonable rental value of the premises from August 1, 2014 through September 30, 2014 is $188.92. Reasonable rental value of the premises from October 1, 2014 until the date of the verdict is $302.50." This amended judgment failed to comply with Code of Civil Procedure section 1174.2, subdivision (a), because, although it set forth the accrued rent as of the date of the verdict, it did not condition judgment based on defendants having paid the reduced rent.

Plaintiff contends the court lacked power to correct the error on March 25, 2015, after plaintiff filed a notice of appeal from the February 6, 2015 judgment on February 25, 2015. Code of Civil Procedure section 916, subdivision (a), provides that "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

Because the trial court retains jurisdiction to "proceed upon any other matter embraced in the action and not affected by the judgment . . . ." (Code Civ. Proc., § 916, subd. (a)), this necessarily includes correction of its own records. (*Gravert v. DeLuse* (1970) 6 Cal.App.3d 576, 581.) Hence, despite the pendency of an appeal, the trial court may correct errors in a judgment nunc pro tunc, if the errors being corrected are clerical, and not judicial, in nature. (*Ibid*.) "The distinction between clerical error and judicial error is whether the error was made in rendering the judgment, or in recording the judgment rendered. [Citations.]" (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1238 (*Rochin*).) "If an error, mistake, or omission is the result of inadvertence, but for which a different judgment would have been rendered, the error is clerical and the judgment may be corrected to correspond with what it would have been but for the inadvertence. [Citations.]" (*Makovsky v. Makovsky* (1958) 158 Cal.App.2d 738, 742-743.)

9

The court found on March 25, 2015, that the judgment was entered by the clerk without the court's approval and not at its direction. It is unclear from the record on appeal whether the court or clerk entered the handwriting on the left margin of the November 3, 2015 order stating, "Judgment amended per court order on 2/6/15." Yet, the entity that entered the writing is not important, because "[t]he distinction between a clerical error and a judicial error does not depend so much on the person making it as on whether it was the deliberate result of judicial reasoning and determination." (*Makovsky v. Makovsky*, *supra*, 158 Cal.App.2d at p. 742.) The record thus supports the court's determination that the original February 6, 2015 judgment was entered through clerical, not judicial, error.

As the error was clerical and not judicial, the court had authority to act even if the court's correction substantially modified or materially altered the rights of the parties. "An amendment that substantially modifies the original judgment or materially alters the rights of the parties, may not be made by the court under its authority to correct clerical error, therefore, *unless the record clearly demonstrates that the error was not the result of the exercise of judicial discretion.* [Citations.]" (*In re Candelario* (1970) 3 Cal.3d 702, 705, italics added; accord, *Hennefer v. Butcher* (1986) 182 Cal.App.3d 492, 507.) Accordingly, we affirm the judgment as corrected by the court.

[End of unpublished part]

FACTUAL AND PROCEDURAL BACKGROUND REGARDING 2015 ACTION

The unlawful detainer action at issue here was filed on March 12, 2015, with plaintiff alleging defendants failed to pay rent in March 2015. Plaintiff requested possession of the defendants' apartment unit, forfeiture of the rental agreement, past due rent, and damages.

On March 17, 2015, defendants filed a joint answer denying allegations in the complaint, including that a three-day notice to pay rent or quit was properly served and the complaint's stated fair rental value of the apartment. The answer also asserted several affirmative defenses. With regard to plaintiff's breach of the warranty of habitability, defendants checked the box in the form answer which stated, "The amount of rent demanded in the notice, and/or the daily rental value demanded in the complaint, is excessive because landlord has failed to provide a

tenantable dwelling as follows, of which the landlord had actual and/or constructive notice and which are listed by way of example and not limitation."

Defendants proceeded to check the following boxes: "Damp/leaking ceiling/walls"; "Hole(s) in walls/floor/carpet"; "Falling plaster/peeling paint"; "Lack of/inadequate heat"; "Lack of/inadequate hot water"; "Missing/torn window screens"; "Missing/broken windows"; "Defective/leaking plumbing"; "Missing/broken smoke detectors"; "Infestation of roaches/rodents/insects/vermin"; "Common areas unclean"; "Defective electrical/wiring"; and "Mold."

Defendants also checked the boxes asserting: the existence of a rebuttable presumption that the lessor breached the warranty of habitability because the conditions existed and were not abated for 60 days after lessor was given notice pursuant to Civil Code section 1942.3; the landlord was demanding rent in violation of Civil Code section 1942.4 because the apartment unit was uninhabitable and the conditions existed for at least 35 days after a public agency gave the landlord notice of the conditions; and "[a] substandard order was issued by a governmental agency with respect to the subject property."

Immediately prior to the start of trial, the parties told the court the only triable issue of fact would be the defense of breach of the warranty of habitability set forth in the answer. Plaintiff argued the court should conduct a trial without a jury. Plaintiff pointed out Code of Civil Procedure section 1174.2 stated that, in an unlawful detainer trial involving breach of the warranty of habitability, "the *court* shall determine whether a substantial breach of these obligations occurred" and judgment must be entered in favor of a landlord when "the *court* determines that there has been no substantial breach." (Italics added.) Plaintiff argued the reference to "the court" rather than "the jury" or "the trier of fact" meant there was no right to jury trial on the issue. Referencing Code of Civil Procedure section 1174.2, subdivision (d), defendants responded that the statute stated it was not "intended to deny the tenant the right to a trial by jury."

The court ruled there was no right to trial by jury on the warranty of habitability issue. Based on its ruling, a court trial was conducted. After considering witnesses called by plaintiff and defendant and numerous photographs and other exhibits, the court found a substantial

11

breach of the warranty of habitability was not established. (Given our disposition, we omit a summary of the evidence presented at trial.) On September 16, 2015, the court entered judgment in favor of plaintiff, awarding him possession of the property, forfeiture of the rental agreement and back rent as damages.

DISCUSSION

*The Issue*

The California Supreme Court has held that, under the common law, a landlord has an implied duty to render residential premises habitable, and breach of the duty is a defense to an unlawful detainer action. (*Green v. Superior Court* (1974) 10 Cal.3d 616, 619 (*Green*)). *Green* found that an implied warranty of habitability in residential leases must be recognized based on "the expectations and demands of the contemporary landlord-tenant relationship and . . . modern legal principles in analogous fields." (*Id*. at p. 620.) *Green* further found breach of the duty is a defense because "[p]ast California cases have established that a defendant in an unlawful detainer action may raise any affirmative defense which, if established, will preserve the tenant's possession of the premises. As . . . a landlord's breach of a warranty of habitability directly relates to whether any rent is 'due and owing' by the tenant . . . such breach may be determinative of whether the landlord or tenant is entitled to possession of the premises upon nonpayment of rent." (*Ibid*.) The defense was codified in Code of Civil Procedure section 1174.2 and Civil Code sections 1941-1942.5.

Defendants argue the court, by conducting a court trial over their objection, deprived them of their constitutional right to have a jury determine whether the conditions of their apartment rendered the premises uninhabitable, thus establishing the defense of breach of the warranty of habitability. Defendants point out the California Constitution provides for a right to trial by jury in civil cases (Cal. Const., art. I, § 16); the right extends to civil cases like those in existence when the Constitution was adopted (citing *People v. One 1941 Chevrolet Coupe* (1951) 37 Cal.2d 283, 299-300); and unlawful detainer cases pertain to recovery of possession of property, an area of law wherein the right to a jury trial has long been recognized (citing, inter alia, *Whitehead v. Shattuck* (1891) 138 U.S. 146, 151). Defendants argue the right to jury

12

trial should thus extend to factual issues in affirmative defenses. Plaintiff counters that the unlawful detainer statutes were enacted as "special proceedings" in 1872—22 years after the California Constitution was first adopted—and "there will be no constitutional right to jury trial in special proceedings unknown to the common law of 1850" (quoting *Crouchman v. Superior Court* (1988) 45 Cal.3d 1167, 1174, citing *Perry Farms, Inc. v. Agricultural Labor Relations Bd.* (1978) 86 Cal.App.3d 448, 464-465).

We do not determine whether defendants had a *constitutional* right to jury trial, because we find they had a *statutory* right to a jury trial on the factual issue of whether they established a breach of the warranty of habitability. (See *Loeffler v. Target Corp.* (2014) 58 Cal.4th 1081, 1102 [appellate court must "avoid resolving constitutional questions if the issue may be resolved on narrower grounds"].) As discussed below, Code of Civil Procedure section 1174.2, subdivisions (a) and (b), in setting forth the procedure which must be used in court in litigating whether a breach occurred, are ambiguous on whether a defendant has the right to a jury trial. Yet, the legislative intent pertaining to the statute is crystal clear on the question, i.e., the statute was not "intended to deny the tenant the right to a trial by jury." (Code Civ. Proc., § 1174.2, subd. (d).)

*The Text of the Statute*

We review de novo issues concerning statutory construction. (*Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1119.) "In doing so, we look first to the words of a statute, 'because they generally provide the most reliable indicator of legislative intent.' [Citation.] . . . 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' [Citation.] 'Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation.' [Citation.]" (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529-530.)

Code of Civil Procedure section 1174.2, subdivision (a), provides, "In an unlawful detainer proceeding involving residential premises after default in payment of rent and in which the tenant has raised as an affirmative defense a breach of the landlord's obligations under

13

Section 1941 of the Civil Code or of any warranty of habitability, the court shall determine whether a substantial breach of these obligations has occurred. If the court finds that a substantial breach has occurred, the court (1) shall determine the reasonable rental value of the premises in its untenantable state to the date of trial, (2) shall deny possession to the landlord and adjudge the tenant to be the prevailing party, conditioned upon the payment by the tenant of the rent that has accrued to the date of the trial as adjusted pursuant to this subdivision within a reasonable period of time not exceeding five days, from the date of the court's judgment or, if service of the court's judgment is made by mail, the payment shall be made within the time set forth in Section 1013, (3) may order the landlord to make repairs and correct the conditions which constitute a breach of the landlord's obligations, (4) shall order that the monthly rent be limited to the reasonable rental value of the premises as determined pursuant to this subdivision until repairs are completed, and (5) except as otherwise provided in subdivision (b), shall award the tenant costs and attorneys' fees if provided by, and pursuant to, any statute or the contract of the parties. If the court orders repairs or corrections, or both, pursuant to paragraph (3), the court's jurisdiction continues over the matter for the purpose of ensuring compliance. The court shall, however, award possession of the premises to the landlord if the tenant fails to pay all rent accrued to the date of trial, as determined due in the judgment, within the period prescribed by the court pursuant to this subdivision. The tenant shall, however, retain any rights conferred by Section 1174."

Code of Civil Procedure section 1174.2, subdivision (b), provides, "If the court determines that there has been no substantial breach of Section 1941 of the Civil Code or of any warranty of habitability by the landlord or if the tenant fails to pay all rent accrued to the date of trial, as required by the court pursuant to subdivision (a), then judgment shall be entered in favor of the landlord, and the landlord shall be the prevailing party for the purposes of awarding costs or attorneys' fees pursuant to any statute or the contract of the parties." Code of Civil Procedure section 1174.2, subdivision (c), provides, "As used in this section, 'substantial breach' means the failure of the landlord to comply with applicable building and housing code standards which materially affect health and safety."

14

Plaintiff argues these subdivisions unambiguously provide "the court" must determine whether a substantial breach of the warranty of habitability occurred; "the court" must determine the reasonable rental value of the premises in its untenantable state if a breach was found and deny possession to the landlord; and if "the court" determines no substantial breach occurred or the tenant fails to pay all rent accrued, then judgment shall be entered in favor of the landlord. Plaintiff argues use of the words "the court" was meant to specify the court, *not a jury*, must make these determinations, and accordingly, a tenant has no right to trial by jury on the issues.

The words "the court" could be read as a term of art, referring to a *court trial*. However, they could also merely be a reference to the right to have the breach of the warranty of habitability tried *in court*.

A reading of the subdivisions depriving parties of the right to jury trial would be inconsistent with Code of Civil Procedure section 1171, a statute enacted within the chapter of the Code of Civil Procedure dealing with summary proceedings for obtaining possession of real property. This statute provides, "Whenever an issue of fact is presented by the pleadings, it must be tried by a jury, unless such jury be waived as in other cases. The jury shall be formed in the same manner as other trial juries in an action of the same jurisdictional classification in the Court in which the action is pending."

An interpretation of "the court" that excludes the right to trial by jury would also carve out an exception to the general statute applicable to all civil cases involving the recovery of property. Code of Civil Procedure section 592 provides, in this regard, "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived . . . ." (Code Civ. Proc., § 592.)

Most importantly, plaintiff's interpretation appears inconsistent with Code of Civil Procedure section 1174.2, subdivision (d). This subdivision provides in relevant part, with reference to the totality of Code of Civil Procedure section 1174.2, "Nothing in this section is intended to deny the tenant the right to a trial by jury. . . ."

15

Plaintiff argues Code of Civil Procedure section 1174.2, subdivision (d), does not render the reference to "the court" in Code of Civil Procedure section 1174.2, subdivisions (a) and (b), ambiguous. Plaintiff's position is that Code of Civil Procedure section 1174.2, subdivision (d), was meant to apply to the right to trial by jury regarding issues *other* than breach of the warranty of habitability, such as whether, pursuant to Code of Civil Procedure section 1161, a landlord proved his or her ownership of the property and proper service of a valid and accurate notice. Yet, there is nothing in the text of Code of Civil Procedure section 1174.2, subdivision (d), that cross-references Code of Civil Procedure section 1161 or limits its application in this manner. Further, its reference to "Nothing in *this section*" being intended to deny the right to trial by jury appears to contradict any notion that the subdivision was meant to apply to a *different* section. Moreover, this tortured reading of the provision would render it superfluous, as Code of Civil Procedure section 1171 provides for right to trial by jury for issues of fact in unlawful detainer cases. (See *Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1207 ["interpretations which render any part of a statute superfluous are to be avoided"].)

Subdivisions (a) and (b) of Code of Civil Procedure section 1174.2 are thus not free from ambiguity. Our inquiry must therefore delve further.

*The Legislative History*

Because the issue at hand cannot be resolved by looking only to the language used by the statute, we consult other indicia of legislative intent. The legislative history of Code of Civil Procedure section 1174.2 is conclusively probative of the issue at hand. (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 543 [legislative history and background of statute may properly be examined to determine statute's intent]; *In re J.W.* (2002) 29 Cal.4th 200, 211 ["[t]o determine the purpose of legislation, a court may consult contemporary legislative committee analyses of that legislation"].)

Code of Civil Procedure section 1174.2 was enacted in 1986, in substantially the same form—including its provisions that "the court" must determine breach of the warranty of

habitability issues—in subdivisions (a) and (b).  Code of Civil Procedure section 1174.2, subdivision (d), was added in 1988 pursuant to Assembly Bill No. 4213.

An analysis of this bill prepared by the Assembly Committee on the Judiciary commented, "The Western Center on Law and Poverty is the source of this Bill.  The Center states that CCP Section 1174.2 was enacted in 1986 [AB 3920 (Roos) – Chapter 805, Statutes of 1986] to clarify the rights of landlords and tenants in unlawful detainer actions wherein tenants raise a breach of habitability standards as a defense.  It further states that section 1174.2 'is being read by some courts so that tenants are not allowed to have a jury trial to determine factual issues regarding breach of habitability, which was not the intent of the author of [*sic*] the sponsors' or [*sic*] AB 3920.  Therefore, it is argued, this bill is intended to 'clarify that a tenant who raises habitability as an affirmative defense has a right to a jury trial.'"  (Assem. Com. on Judiciary, Analysis of Assem. Bill No. 4213 (1986-1988 Reg. Sess.) May 4, 1988, pp. 1-2.)  The same comment regarding the source of the bill and its intent was quoted in the Assembly Concurrence in Senate Amendments report (Aug. 30, 1988, pp. 2-3), and in the final Enrolled Bill Report (Sept. 19, 1988, p. 1).

The bill analyses and reports indicate trial courts had interpreted Code of Civil Procedure section 1174.2, subdivisions (a) and (b), as depriving tenants of the right to trial by jury, and the Legislature sought a correction by adding Code of Civil Procedure section 1174.2, subdivision (d).  The legislative history of the statute shows beyond peradventure Code of Civil Procedure section 1174.2 was not intended to deprive a litigant of the right to jury trial on factual issues regarding whether a substantial breach of the warranty of habitability occurred and, if so, the reasonable rental value of the premises in its untenantable state.

*Prejudice*

The parties in their appellate briefs appear to take the position that, if this court were to find defendants were denied their right to a jury trial, the result should be an automatic reversal.  Deprivation of the *constitutional* right to trial by jury, "is reversible error per se.  [Citations.] No showing of actual prejudice is required."  (*Martin v. County of L.A.* (1996) 51 Cal.App.4th

688, 698.)  We determine depriving a defendant of the *statutory* right to trial by jury of the defense of breach of the warranty of habitability is likewise reversible per se.

Conducting harmless error analysis in the present context would be unworkable because, "where a case improperly is tried to the court rather than to a jury, there is no opportunity meaningfully to assess the outcome that would have ensued in the absence of the error." (*People v. Collins* (2001) 26 Cal.4th 297, 313.)  To deprive a defendant of the right to trial by jury on the sole defense presented at an unlawful detainer trial, as was done here, is an error """"affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself."""  [Citation.]"  (*People v. Blackburn* (2015) 61 Cal.4th 1113, 1136 (*Blackburn*) [deprivation of the statutory right to trial by jury in extending the involuntary commitment of a mentally disordered offender is reversible per se]; accord, *Sandquist v. Lebo Automotive, Inc.* (2016) 1 Cal.5th 233, 261 [citing *Blackburn* in determining trial court's error in deciding dispute itself rather than by a contractually mandated arbitrator is one that "falls within that class requiring automatic reversal because its effects are "'unmeasurable'" and "'def[y] analysis by "harmless-error" standards'"].)  Notwithstanding the particulars of the evidence presented in the court trial regarding breach of the warranty of habitability, denying defendants their statutory right to trial by jury requires reversal of the judgment.

## DISPOSITION

The February 6, 2015 judgment, as corrected by the March 25, 2015 order, as well as the March 25, 2015 order itself discussed in the unpublished portions of this opinion, are affirmed. The September 16, 2015 judgment is reversed.  Defendants to recover their costs on appeal.


_____
RICCIARDULLI, J.

We concur:


_____          _____
KUMAR, ACTING P. J.                RICHARDSON, J.

18